CITY OF WABASH v. BRUSO, ADMINISTRATRIX.

[No. 23,275. Filed December 4, 1917.]

1. MUNICIPAL CORPORATIONS.—Defect in Street.—Injury to Pedestrian.—Grounds of Recovery.—In an action against a city for fatal injury resulting from a failure to properly guard a stone quarry, recovery depends upon proof of the negligence charged, that it was the proximate cause of the injury, and a failure to show, as a defense, that the injured party was guilty of contributory negligence. p. 640.

2. TRIAL.—Verdict.—Scope.—In an action for personal injuries, a general verdict for plaintiff is a finding in his favor on the issues of negligence and contributory negligence. p. 640.

3. TRIAL.—General Verdict.—Answers to Interrogatories.—Conflict.—A general verdict will not be overthrown by answers of the jury to interrogatories, unless there is such irreconcilable conflict that the verdict cannot stand under any state of facts provable under the issues. p. 640.

4. MUNICIPAL CORPORATIONS.—Defect in Street.—Injuries to Pedestrian.—Action.—Verdict.—Answer to Interrogatories.—In an action against a city for the death of plaintiff's decedent, alleged to have been caused by the municipality's negligence in failing to keep one of its streets in a reasonably safe condition for travel, where answers to special interrogatories show that deceased fell into an unguarded quarry pit adjoining the north line of the street while on his way home on a night so intensely dark that a person of normal vision could not see the pit, which was not illuminated at the time of the accident because an

electric arc lamp maintained by the city for that purpose was not burning, that the location of the pit and the fact that it had remained without any barrier or fence for more than ten years was known to deceased, that he could have reached his home by walking in the center or on the south side of the street or by turning into an unimproved street by which route he would pass another unguarded pit, and that for a number of years a footpath had been generally used by persons living on the north side of the street when passing the pit, such answers are not in irreconcilable conflict with a general verdict for plaintiff as showing the existence of a safe and unsafe way and that deceased was guilty of contributory negligence in failing to take the safe way. p. 640.

5. MUNICIPAL CORPORATIONS.—*Dangerous Streets.—Duty of City to Maintain Barriers or Fences.*—Although, as a general rule, cities are not required to erect barriers or fences along highways to prevent travelers from falling into nearby excavations, yet when an unguarded pit is so located as to endanger travelers using the street with ordinary care to avoid exposure to injury, reasonable precaution and prudence require the city to render the use of the street reasonably safe by placing a guard along the pit and its failure to do so is negligence; and the city is not relieved of such duty by maintaining an electric arc lamp for the purpose of illuminating the street at the place of danger, since such lamps cannot be kept lighted under all conditions. 643.

From Wabash Circuit Court; *Alvah Taylor*, Special Judge.

Action by Marie Bruso, administratrix of the estate of Jesse L. Hobson, deceased, against the City of Wabash. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Edward E. Eikenbary*, for appellant.
*Frank O. Switzer* and *Walter S. Bent*, for appellee.

MYERS, J.—This is an action for damages for injuries resulting in the death of appellee's decedent, alleged to have been caused by the negligence of appellant in failing to keep one of its streets in a reasonably safe condition for travelers. From a judgment in favor of

appellee on the verdict of a jury, appellant appeals. The errors assigned and not waived, are, that the court erred: (1) In overruling her motion for judgment on the answers of the jury to interrogatories; (2) in overruling her motion for a new trial.

The complaint in brief alleges that the city of Wabash for several years prior to and on April 8, 1913, maintained an improved street running north and south, with brick sidewalks on either side, known as Vernon street, which at that time was intersected at right angles by a street running east and west known as Bent street, the east end of which was much traveled by the public by day and by night, in vehicles and on foot, and by the residents thereon from and to Vernon street; that appellee's decedent, at the time of his death and for many years prior thereto, lived on the north side of Bent street, and about 350 feet east of Vernon street; that a stone quarry was located at the northeast corner of these streets, from which stone had been removed, leaving a pit about eighteen feet deep, its south line extending east about seventy-five feet along the north line of Bent street; and, after alleging knowledge on the part of appellant of the location of the quarry pit, its depth, its precipitous sides, and proximity to Bent street, its unguarded condition continuously for more than five years, the dangers to which persons traveling on Bent street were exposed, and that the night of April 8 was dark and the street lights of the city not lighted, then charged appellant with negligently and carelessly omitting, failing and refusing to erect or cause to be erected any barrier, railing or other protection on the north side of Bent street, adjoining the quarry pit, to prevent persons traveling or passing along the same from falling therein; and by reason of the unguarded condition of the pit, Jesse L. Hobson, while traveling east upon Bent street, between nine

and ten o'clock on the night of April 8 fell from the street down into the pit, a distance of seventeen feet, fracturing his skull, and from which injuries he died.

Appellant earnestly insists that the answers of the jury to interrogatories conclusively show that decedent was guilty of contributory negligence, and therefore these answers and the general verdict are in irreconcilable conflict.

Applicable to appellant's contention, certain principles of law in this State are well settled, among which it may be said that a recovery in actions of this class depends upon proof of the negligence charged, and that such negligence was the proximate cause of the injury, and a failure to show, as a defense, contributory negligence on the part of the injured party. Therefore, when the general verdict is for the plaintiff, it amounts to a finding against defendant on both of these issues. *Consolidated Stone Co.* v. *Summit* (1898), 152 Ind. 297, 300, 53 N. E. 235; *City of Hammond* v. *Jahnke* (1912), 178 Ind. 177, 99 N. E. 39. It is equally well settled that the general verdict will not be overthrown by answers of the jury to interrogatories, unless there is such irreconcilable conflict that the former cannot stand under any state of facts provable under the issues. *Southern R. Co.* v. *DePauw* (1910), 174 Ind. 608, 614, 92 N. E. 225; *City of Hammond* v. *Jahnke, supra; Indiana R. Co.* v. *Maurer* (1902), 160 Ind. 25, 66 N. E. 156.

Looking to these answers, it appears that appellee's decedent, after attending a lodge meeting on the night of April 8, 1913, while on his way home, and while going east on Bent street, between nine and ten o'clock at night fell into a quarry pit adjoining the north line of the street, thereby receiving injuries which caused his death; that for more than ten

years continuously prior to the time of the accident, the pit had remained without any barrier or fence along Bent street; that decedent knew of the pit, had passed by there almost every day from the time of its making until his death, and knew that there was no fence or barrier between the pit and the street. It also appears that the pit into which decedent fell, at places extended out into Bent street a distance of from two to two and one-half feet; that there was a driveway in the center of the street, without any pit or obstruction in it, but at that time extremely muddy; that he could have reached home by walking in the center or on the south side of the street until a point opposite his home, and then by crossing the street, or by turning east on Hutchens street, which is one square south of Bent street, thence to Coate street, and north on Coate street to his home. Both Hutchens and Coate streets had never been improved by sidewalks or otherwise, and were rough and very muddy. The answers also show that in going this latter route he would pass an open unguarded pit into which he could have fallen, and that he had never gone that way to his home; that the night was intensely dark, and a person possessing good eyesight and normal mental faculties could not have seen the pit into which the decedent fell without the aid of a lantern or other means of illumination; that on the north side of Bent street, and north of the driveway, from Vernon street east to the home of the decedent, there was a footpath, which had been in general use for a number of years by people living on the north side of the street in going to and returning from their homes; that for about ten years appellant had maintained an electric arc lamp of high candle power, which, when burning would illuminate the pit or quarry along Bent street, and was sufficient to enable a person of nor-

mal mental faculties and sight, while walking on that street between Vernon street and decedent's home, to see the pit and its dangerous proximity to the street, but that this lamp was not burning on the night of the accident, nor were there any other street lights lighted or burning on any of the other streets mentioned.

Appellant contends that as the interrogatories show a safe and an unsafe way for the decedent to reach his home over Bent street, it was his duty to take the safe way; or in other words, he should have taken the south, instead of the north side of the street, and having failed to do so, he was guilty of contributory negligence. This insistence cannot be sustained for the reason that there is no answer showing that he did not attempt to travel the way precisely as indicated by appellant as safe.

Even if the decedent, on the fatal night in going home, did attempt to follow the north footpath, there is no answer showing the path so dangerously close to the pit as to warrant the court in saying as a matter of law that no ordinarily prudent person would have endeavored to follow it upon that occasion. But conceding that an attempt to follow the footpath on the north side of the driveway, under all the circumstances was dangerous, there is no answer showing that he attempted so to do. Again, it is said that the answers show that he might have gone home by way of Hutchens and Coate streets, but they also show that to be a dangerous way and one about which he had no knowledge. With these suggestions as to the points made on the answers, and keeping in mind that all reasonable presumptions are to be indulged in favor of the general verdict and none in favor of the answers, there is no such antagonism as will require the general verdict to give way to the answers; and the ruling of the trial court in this respect was right.

Appellant insists that its maintenance of an electric

light sufficient to enable a person possessed of ordinary sight and mental faculties to pass the quarry pit in safety, under the law relieved it from the further precaution of erecting barriers, railings or fences along the pit at the point in question. Generally speaking, cities are not required to erect fences or barriers along highways to prevent travelers from falling into nearby excavations, but when it appears, as it does in this case, from the allegations of the complaint which the general verdict finds to be true, as well as from the answers to interrogatories, that the unguarded pit located as it is, endangers travelers using the street with ordinary care to avoid exposure to injury, it would seem that reasonable precaution and prudence would require the city to place a guard along the pit, if it would render the street reasonably safe for travel; and its failure so to do would amount to negligence. *Town of Newcastle* v. *Grubbs* (1908), 171 Ind. 482, 86 N. E. 757; *Town of Monticello* v. *Condo* (1910), 47 Ind. App. 490, 94 N. E. 893.

This conclusion, in our opinion is a correct one, although the city had made provision for light, as claimed, for from common knowledge it is certain that no positive means as yet exist for keeping the light burning under all conditions.

Two specifications only in the motion for a new trial are presented: (1) That the verdict is not supported by sufficient evidence; (2) that the verdict is contrary to law. We have carefully examined the evidence, and in our opinion it was amply sufficient to warrant the court in sending the case to the jury, and with this view of the evidence, and the verdict being within the issues, it cannot be said that the verdict was contrary to law. The trial court was justified in overruling the motion for a new trial. Judgment affirmed.

NOTE.—Reported in 117 N. E. 867. Defect in highway as proximate cause of injury, particularly as to knowledge that the road is dangerous, 13 L. R. A. (N. S.) 1262; 20 L. R. A. (N. S.) 732. Municipal liability for improper or insufficient barriers, lights, etc., at excavation in street, 20 L. R. A. (N. S.) 604. See under (2-4) 28 Cyc 1525; (5) 28 Cyc 1406.