**MOODY, Plaintiff-Appellant, v. VICKERS, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3961.   Decided February 19, 1947.

C. M. Addison, Columbus, Charles R. Doll, Columbus, for plaintiff-appellant.

Wiles & Doucher, Columbus, for defendant-appellee.

## OPINION

By THE COURT:

This is an appeal on law from the judgment of the Common Pleas Court of Franklin County, Ohio. The plaintiff-appellant sued for damages for personal injuries suffered when he was struck by an automobile driven by defendant-appellee on February 9, 1945, between 6:30 and 7:00 P. M., at the intersection of Mound Street and Riverside Drive in the City of Columbus. The jury returned a general verdict for the defendant. A motion for new trial was filed, which was overruled and judgment entered.

The plaintiff-appellant has filed six assignments of error, one of which is that the verdict was contrary to law and against the manifest weight of the evidence, and was not sustained by sufficient evidence. The plaintiff in his petition alleged five specifications of negligence, one of which was stricken at the close of the case. The remaining specifications of negligence charged the defendant with excessive speed, with failure to exercise ordinary care to keep a proper lookout, and with operating his automobile against a "red light" or "stop signal". The defendant in his answer denied any negligence

on his part, and alleged that the plaintiff, who was a pedestrian, was guilty of negligence which was the sole proximate cause, or contributed to the proximate cause of his injury.

The evidence shows that Mound Street runs in an easterly and westerly direction and that Riverside Drive runs in a northerly and southerly direction, intersecting at right angles; that the plaintiff attempted to cross from the northeast corner to the southeast corner of the intersection; that he was struck by the defendant's automobile when he was at a point a few feet west of the east crosswalk of Riverside Drive, and a few feet north of the middle of Mound Street; that the defendant was driving his automobile in a westerly direction on Mound Street, straddling the north rail of the westbound Street Railway tracks; that at said intersection there was a "stop" and "go" signal light in operation; that the weather on the night in question was disagreeable; that the night was dark, cold and wet, the streets being slippery; that the plaintiff was struck by the right front fender of the defendant's automobile; that at the time of the accident the headlights on the defendant's automobile were burning; that the plaintiff wore dark clothes and approached the point where the accident happened from the right of the defendant's automobile.

The case was thoroughly tried. Evidence was introduced on behalf of both plaintiff and defendant in an effort to sustain their charges of negligence. The principal fact in dispute, on which much testimony was offered, was on the question as to whether the plaintiff or the defendant entered the intersection on the green light or "go" signal. The evidence was directly in conflict on this and other issues of negligence. A factual situation was presented for the determination of the jury. There being sufficient evidence to support the verdict we cannot say that the verdict was against the manifest weight of the evidence; neither was the verdict contrary to law.

It is claimed that the Court erred in refusing to sustain the challenge for cause and the peremptory challenge of one of the jurors, and to declare a mistrial. On the second day after the trial began one of the jurors made known to the Court that he was acquainted with the defendant, and that the juror and the defendant lived in the same neighborhood. The record does not show that the juror was interrogated on this matter during voir dire examination. When this fact was made known to the Court, the Court and counsel questioned the juror at length to determine whether he would be biased or prejudiced, or in any way influenced by acquaintanceship

with the defendant. This interrogation was brought to a close by the following question and answer:

"The Court: Well, do you think that your limited acquaintance, as you have stated to us, would possibly affect your deliberations to any extent?

"Juror Ptacek: I don't think so."

The plaintiff attempted to exercise a peremptory challenge, and also challenged the juror for cause. None of the statutory grounds of challenge for cause, as provided in §11419-51, GC, appear. A peremptory challenge and a challenge for cause at this stage of the case were properly overruled. The matter then became discretionary with the Court. It is not claimed that the trial court abused its discretion. The juror being qualified, as shown by the record, the Court did not commit error in refusing to declare a mistrial.

It is contended that the Court committed error in refusing the application of the plaintiff for continuance of said cause, on the ground of the unavoidable absence of two material witnesses. After the trial began counsel for plaintiff brought to the attention of the Court the fact that the physician who attended the plaintiff shortly after the accident was out of the state. A motion was made for continuance. The Court requested counsel to proceed under a court rule, which is as follows:

"An application for the continuance of a cause shall be made by motion, supported by affidavit, and if the continuance is asked for on the ground of inability to procure the testimony of an absent witness, the party making the application must state in his affidavit what he expects to prove by such witness, and also the acts of diligence by which he has endeavored to procure the testimony of such witness. If the Court find the testimony material and that due diligence has been used, such cause may be continued, unless the opposite party consents to the reading of such affidavit in evidence, in which case the trial may proceed and such affidavit be read on the trial as the evidence of the absent witness."

The requisite affidavit was made and counsel for the defendant consented to the reading of such affidavit in evidence. Thereupon the Court, in conformity to the rule, overruled the motion for a continuance.

Another witness subpoenaed by the plaintiff was confined

to her home because of illness. Her deposition had been taken some time prior to the trial, although not filed. With the Court's permission and by agreement of counsel her deposition was used in the case. In neither instance did the trial court act erroneously to the prejudice of the plaintiff in refusing to continue the cause.

After an examination of the entire record we do not find that the trial court committed prejudicial error in rejecting evidence offered on behalf of the plaintiff, or in the admission of evidence offered on behalf of the defendant. The record shows that the trial court was eminently fair, and ruled according to law on the admission and exclusion of evidence.

Plaintiff contends that the trial court erred in sending to the jury exhibits offered on behalf of the defendant, and in refusing to send to the jury exhibits offered on behalf of the plaintiff. During the cross-examination of the plaintiff, defendant's counsel interrogated him relative to a statement he had given at the hospital sometime after the accident occurred, the statement being taken by a court reporter, and transcribed. During the cross-examination, counsel for the plaintiff requested the statement to be introduced as an exhibit. Accordingly, it was introduced and later in the trial the entire statement was read into the evidence by counsel for the plaintiff. This exhibit was sent to the jury, together with other exhibits. Plaintiff contends that the affidavit made by counsel for plaintiff, in compliance with a court rule, should have been sent to the jury. We cannot agree. It was read into the evidence and accepted as the testimony of the absent witness. It had the same effect as a stipulation. In our judgment, the Court would have erred in sending this affidavit to the jury room.

The Court refused to send to the jury the deposition of the absent witness, which was introduced by agreement. When the deposition was read the trial court sustained objections to a part of the deposition. True, it is well established, as a general rule in this state, that a deposition introduced into the evidence should be sent to the jury. Stites v Admr. of McKibben, 2 Oh St 588; Greene & Company v Davis, 4 C. C. 84, 2 C. D. 433. However, where part of the deposition has been ruled ·out on the ground of incompetency, the Court, in the exercise of its discretion, may refuse to send it to the jury. Stites v Admr. of McKibben, supra; Railroad Company v Biermacher, 110 Oh St 173; 143 N. E. 570; Insurance Company v Sayers, 16 Oh Ap 398. In the case of Insurance Company v Sayers, the Court, on page 402, say:

"Since the decision in the case of **Stites v Admr. of Mc-Kibben, 2 Oh St., 588,** it has been the practice in the Courts of Ohio to send to the jury room depositions read in evidence, unless a deposition contains incompetent evidence which was ruled out, in such case it is within the discretion of the court, to refuse to send the deposition to the jury."

See also **Vol. 39 O. Jur.** pages **597** and **1062.**

In our judgment the trial court acted properly in the exercise of its discretion in refusing to send the deposition to the jury room.

Plaintiff contends that the Court committed error in its general charge to the jury. That part of the charge of which the plaintiff complains is as follows:

"I furthermore charge you that the plaintiff entered the street or intersection at a place otherwise than on the crosswalk, either marked or unmarked,—I believe there is no testimony as to whether this crosswalk was marked,—but whether marked or unmarked, if you find by a preponderance of all the evidence that the plaintiff entered the intersection at a point other than on a cross-walk, that would be negligence on his part as a matter of law."

There was some evidence to support the contention that the plaintiff was not using the crosswalk at the time he was struck. However, the plaintiff contends that it is not negligence, as a mater of law, for a pedestrian to attempt to cross the street at a place other than at a crosswalk. The case of **Glasco v Mendelman, 143 Oh St 649,** is cited to support this contention. In that case the plaintiff attempted to cross a street between intersections, and was struck by the defendant's automobile. The trial resulted in a judgment for the plaintiff, which was reversed by the Court of Appeals, upon the ground that the plaintiff was guilty of negligence, as a matter of law, and that such negligence was a contributing proximate cause of the accident. The Supreme Court reversed the Court of Appeals not on the ground that it was improper to hold that plaintiff was guilty of negligence per se but on the ground that the Court held that such negligence was the proximate cause of the accident. Whether such negligence was a proximate cause was a factual matter to be determined by the jury, unless the evidence was such that reasonable minds could not arrive at different conclusions. While the opinion of that Court hinged upon the application of the "assured-clear-distance-

ahead" statute, nevertheless the Court did consider an ordin-ance of the City of Columbus, which placed a duty upon the pedestrian to "yield the right of way to vehicles upon the road-way", and which also placed a corresponding duty upon the driver of a vehicle "to exercise due care for the safety of pe-destrians". In that case it was admitted that plaintiff was guilty of negligence in crossing the street between intersec-tions and that the Court has authority to determine the ques-tion of proximate cause, as a matter of law, only where the evidence is such that reasonable minds can arrive at but one conclusion. In the instant case, no effort was made to intro-duce an ordinance of the city of Columbus. The Court charg-ed fully on the rights and duties of a pedestrian and a driver of a motor vehicle in the use of the highway within a munici-pality, as provided in the Uniform Traffic Act of the General Code. Counsel for plaintiff cite §6307-46 GC, which, in part, provides:

"(a) Every pedestrian crossing a roadway within a mun-icipality at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all traffic operating lawfully upon the roadway. * * *"

"(c) Notwithstanding the provisions of this section every operator of a vehicle, street car or trackless trolley shall exer-cise due care to avoid colliding with any pedestrian upon any roadway,"

The Court covered this section in its charge as follows:

"I charge you, members of the jury, that notwithstanding these statutes or condition of the lights that both parties were bound at all times to exercise their faculties of sight and hear-ing as they entered that intersection. The duty rested upon the defendant as he entered the intersection to exercise ordin-ary care for the safety of the plaintiff, and likewise the law en-joined upon the plaintiff a duty of exercising ordinary care, whatever that might have been under the circumstances, for his own safety, as he proceeded across that intersection."

Counsel for the defendant contends that the factual situa-tion in this case requires the application of the provisions of §6307-48 GC, which, in part, provides:

"(c) No pedestrian shall cross a roadway within a muni-cipality at a place other than a crosswalk except in cases where crosswalks are an unreasonable distance apart."

Under the provisions of this statute it is contended that it is unlawful for a pedestrian to cross a roadway within a municipality at a place other than a crosswalk, and that in doing so the pedestrian is guilty of negligence per se.

In **Smith v Zone Cabs, 135 Oh St 415,** the Supreme Court had before it two ordinances of the City of Warren, one which made it unlawful for pedestrians to cross between interesections in the congested district, and the other which provided as follows:

"Every pedestrian crossing a roadway at a point other than within a marked or unmarked crosswalk shall yield the right of way to vehicles upon the roadway, provided that this provision shall not relieve the driver of a vehicle from the duty to exercise due care for the safety of pedestrians."

The Court followed the case of **Schell v DuBois, Admr., 94 Oh St 93,** 113 N. E. 664, which held that the violation of a city ordinance constituted negligence per se, but was careful to point out that negligence per se and proximate cause are two separate and distinct issues. The Court held that negligence per se was presumed as a matter of law, while proximate cause must be proved as a matter of fact. The Court held that the ordinances in question give the motorist the right of way between intersections, but also require the motorist to exercise ordinary care for the safety of pedestrians, rightfully or wrongfully on the highway between such interesections. We are of the opinion that the trial court in the instant case properly interpreted the sections of the Traffic Code applicable to the facts in this case, and gave proper instructions to the jury relative to the qestion of negligence per se and proximate cause. The question whether the negligence of the plaintiff, if any, was the proximate cause or was a contributing proximate cause was submitted to the jury under proper instructions.

Furthermore, the verdict of the jury was a general verdict. No interrogatories were submitted to the jury. In view of the several charges of negligence by one party against the' other, under a general verdict the Court is not in a position to conclude on what specification of negligence the jury based its verdict. The pleadings in this case, and the evidence adduc-in support thereof, require the application of the "Two Issue Rule'". Under this rule, even though the Court did commit error in its charge on one specification of negligence, if the verdict of the jury can be sustained on other specifications of negligence, the reviewing Court cannot order a reversal. In

Volume  2 O. Jur., page 777, the rule is stated as follows:

"The rule is well settled in Ohio that where the jury returns a general verdict in a case involving two or more issues, a finding upon any one of which in favor of the successful party, would entitle him to judgment, if the record does not disclose affirmatively by answers to interrogatories, or otherwise, upon which issue such verdict was based, the judgment will not be reversed if no error appears as to any one or more of them, although there may be error as to other issues."

See also **Volume 39 O. Jur. page 945.**

In **Knisely v Community Traction Company, 125 Oh. St 131,** 180 N. E. 654, the Court cited with approval the case of **Sites v Haverstick, 23 Oh St 626,** which is regarded as a leading case in Ohio on this proposition, and applied the "Two Issue Rule" in a negligence case wherein the issues presented were similar to those in the instant case.

In **Kihlken, Admr., v Barber, 129 Oh St 485,** 196 N. E. 164, in a case involving negligence and contributory negligence, where the jury rendered a general verdict, the Court applied the "Two Issue Rule". The Court, on page 486, say:

"The verdict was a general one and was for the defendant, and it was not disclosed by answers to interrogatories or otherwise upon which issue the finding was based. The jury may have reached its conclusion upon the ground that the defendant was not negligent, or upon the ground that, under the instructions given, the defendant was relieved from liability because of the contributory negligence of the plaintiff."

In applying the "Two Issue Rule" to the facts in this case this Court would be without authority to order a reversal even if it found that the instruction complained of was erroneous, which we do not find.

We are of the opinion that the plaintiff had a fair trial; that on the evidence adduced reasonable minds could have arrived at different conclusions, the evidence being directly in conflict. We are of the opinion that the verdict of the jury was sustained by sufficient evidence, and was not contrary to law and that no error appears in the record prejudicial to the rights of the plaintiff.

The judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.