**WEAVER et, Plaintiff-Appellants, v. GALE, Exr., et, Defendant-Appellees.**

Ohio Appeals, Second District, Preble County.

No. 124. Decided November 12, 1949.

Wilbur D. Spidel, Hugh A. Staley, Greenville, Julian E. Clark, Eaton, for plaintiff-appellants.

Dye & Ernst, King & Young, Eaton, for defendant-appellees.

## OPINION

By THE COURT:

This is an appeal on questions of law from the Common Pleas Court of Preble County, Ohio, in which a jury rendered a verdict in favor of the defendants in a suit to contest a will on which the court entered judgment. The motion for new trial was filed and overruled.

The appellants have assigned twelve separate grounds of error, which will be discussed generally. The appellants contend that the court erred in not sustaining a challenge for cause to prospective jurors. Challenges for cause are controlled by the provisions of §11419-51 GC. After a careful

consideration of the record of the prospective jurors on voir dire examination we conclude that no good cause for challenge was shown and therefore the court did not commit error in this regard.

The appellants contend that the court committed error in refusing to sustain a motion either to dismiss Irene Somers as a juror and seat the thirteenth juror, or to declare a mistrial because of misconduct of Irene Somers. The alleged misconduct of Irene Somers was brought to the attention of the court after the trial had proceeded for a number of days. The alleged misconduct consisted of statements made out of court to a third person, which appellants contend show that Irene Somers was biased and prejudiced in favor of the defendants. The court took the testimony of Irene Somers and the person to whom the alleged statements were made. On the basis of this testimony the court found that Irene Somers had not been guilty of misconduct and did not exhibit bias or prejudice in favor of the defendants and overruled the motion to dismiss Irene Somers or to declare a mistrial. The determination of this matter rested in the sound discretion of the trial court. A reviewing court will not disturb the judgment of the trial court in such matters unless an abuse of discretion has been shown. **Lingafelter v. Moore, 95 Oh St 384, 389, 117 N. E. 16; Moody v. Vickers, 79 Oh Ap 218, 223, 72 N. E. (2d) 280.** In the case of Lingafelter v. Moore the court had under consideration §§11437 and **11438 GC**, which are now §§**11419-51** and **11419-52 GC**, and on page 389 the court discussed the effect of the amendment to §**11419-52 GC** and held: "Notwithstanding the amendment to the section under consideration, the rule above stated should be adhered to and great latitude of discretion allowed to the trial court as to the validity of the challenge, and a judgment should not be refused because of the failure of the court to sustain a challenge to a juror upon the ground of prejudice or bias, unless it appears that there has been abuse of discretion and that the litigant has been denied his constitutional right to an impartial jury". The rule above to which the court referred was the holding of the court in **Dew v. McDivitt, 31 Oh St 139,** in which it was held: "On the trial of the validity of a challenge alleged against a juror, other than a principal cause of challenge, a sound discretion is allowed to the court." See also **Vol. 24, O. Jur., page 228, Section 100.** The trial court found that the statements made by the juror were not of a character which would justify sustaining a challenge on suspicion of prejudice against, or partiality for, the defendants. We agree with the judgment of the trial court.

We find no error on the admission or exclusions of evidence. Neither do we find that the court committed prejudicial error in refusing to give certain special charges before argument submitted by the plaintiffs. We agree with the contention of the defendants that these special charges were properly refused on the ground that, if given, they would have overemphasized certain items of evidence to the exclusion of the principal issues in the case. We are further of the opinion that the court did not commit prejudicial error in its general charge.

After a consideration of the record in this case we are of the opinion that substantial justice has been done and that the parties hereto have had a fair trial.

Judgment affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.