ROBERTS, APPELLEE, *v.* CITY OF FAIRBORN, APPELLANT.*

(No. 573—Decided October 29, 1956.)

*Motion to certify the record overruled, February 6, 1957.

*Messrs. Jenkins, Williams, Wendt, Murray & Deeg,* for appellee.

*Mr. Merritt E. Schlafman,* for appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment entered by the Common Pleas Court of Greene County on a verdict of a jury returned in favor of the plaintiff in the sum of $7,500.

Plaintiff sued the city of Fairborn for damages arising out of personal injuries which she suffered when, on a dark night, she fell into an open drainage ditch along a street in the city. Plaintiff's action was based on negligence, in that the city failed to guard the ditch or erect barriers and failed to have the street lighted. The defendant, by way of defense, alleged that the street was free from nuisance and that plaintiff assumed the risk and was contributorily negligent.

The facts adduced from the evidence are concisely stated in plaintiff's brief as follows:

"The appellee, Vinia Roberts, is a woman in her sixties who has lived at the northeast corner of Harvard and Mc-Laughlin Streets in the city of Fairborn, Greene County, Ohio, for a number of years. Her daughter-in-law, Edna Hill, lived at 420 Robbins Street at the southeast corner of Robbins and Harvard Streets, the two homes being a block apart.

"None of these streets is paved, the surface consisting of gravel. There are no sidewalks, nor curbs, and Robbins Street and Harvard Street intersect at approximate right angles forming what is commonly known as a 'T' intersection, with Robbins Street joining Harvard Street on the east side. An open drainage ditch runs along the east side of Harvard Street adjacent to the traveled portion of the street, the drainage ditch passing beneath Robbins Street by means of a culvert constructed at the intersection. The drainage ditch is adjacent to and within two or three feet of the graveled area of these streets, both of which the evidence establishes are dedicated streets.

"On the evening of May 5, 1953, Mrs. Roberts left her

home, walked south on Harvard Street and proceeded to the home of her daughter-in-law which * * * was located at the southeast corner of Robbins and Harvard Streets * * *. She remained at her daughter-in-law's home until sometime between nine o'clock and nine-thirty when she left to return to her home. It was dark at that time. She was alone.

"A street light located on the south side of Robbins Street, immediately east of the intersection of Robbins Street and Harvard Street, was not lighted on the night of May 5, 1953. It had been defective in that respect for a period of at least a week or ten days. The appellee also testified that * * * she had no recollection of having been there after dark before the night the accident occurred.

"There were no guard posts or guard rails or other warning devices located at the intersection at the point where the drainage ditch went under the roadway. The evidence establishes that at that point the drainage ditch was about three feet deep.

"The appellee, Vinia Roberts, testified that she left by the front door which faced on Robbins Street, she veered to the west, got on the driveway and followed it out to Robbins Street. She testified that she was watching the white gravel of the roadway, attempting to guide herself by that means, and that she thought she was in the middle of the roadway. Because of the darkness she inadvertently deviated from her course and fell into the ditch."

Eight errors are assigned.

1. By pleading over, upon the demurrer to the petition being overruled, the defendant waived the error, if any.

2. We find no error in overruling defendant's motion to withdraw a juror and declare a mistrial. It does not appear that the brief conversation between the husband of the plaintiff and a juror was prejudicial or in any way influenced the verdict. *Hawkins Downie Co.* v. *Hagan,* 20 Ohio Law Abs., 463; *Stremmel* v. *Lynch,* 17 Ohio Law Abs., 197. Whether a juror has been guilty of misconduct rests solely within the discretion of the trial court. A reviewing court will not disturb the judgment unless there is shown an abuse of discretion. *Lingafelter* v. *Moore,* 95 Ohio St., 384, 389, 117 N. E., 16; *Moody* v. *Vickers,*

79 Ohio App., 218, 72 N. E. (2d), 280; *Weaver* v. *Gale, Exr.*, 56 Ohio Law Abs., 178, 91 N. E. (2d), 808.

The third, sixth, seventh and eighth assignments of error raise substantially the same question. Defendant claims the court erred in overruling defendant's motion for a directed verdict at the close of all the evidence, in overruling defendant's motion for new trial, and in that the verdict was contrary to the manifest weight of the evidence and contrary to law. Defendant contends that the maintenance of an open drainage ditch by the city was a governmental function, and that liability can be based only on a nuisance. Plaintiff's case rested on negligence and the provisions of Section 723.01, Revised Code. With regard to streets this section, in part, provides that a city "shall cause them to be kept open, in repair, and free from nuisance." The duty imposed by Section 723.01 is an exception to the common-law rule that no liability rests on a municipality for negligence in the discharge of a governmental function. Under the cited section a municipality is liable for negligence in creating a faulty condition in a street, or in failing to repair, remove or guard against defects or obstructions therein, after actual or constructive notice of it exists, where the traveler in the exercise of ordinary care is subjected to the dangerous condition. See *Taylor* v. *City of Cincinnati*, 143 Ohio St., 426, 55 N. E. (2d), 724; *City of Hamilton* v. *Dilley*, 120 Ohio St., 127, 165 N. E., 713; 28 Ohio Jurisprudence, 1010, Section 627. On the question of the duty and liability of a municipality to erect barriers or guards for the protection of travelers on the streets, who may unintentionally deviate from the traveled portion into marginal or external hazards, see annotations in 44 A. L. R. (2d), 633, 637.

Whether such condition was such as to require the defendant to erect a barrier or provide a guard for the protection of pedestrians on Harvard Street was a factual question for the jury. See 44 A. L. R. (2d), *supra*, 633, 643.

Defendant contends that plaintiff was guilty of contributory negligence in stepping into the ditch, and cites in support of such contention *City of Dayton* v. *Taylor's Admr.*, 62 Ohio St., 11, 56 N. E., 480, which we do not find to be applicable. In that case the person injured, without necessity and for his own

pleasure and convenience, departed from the sidewalks and street crossing. In the instant case plaintiff was using the traveled portion of the street, provided for either vehicular or pedestrian traffic, and attempted to avoid the ditch but because of darkness deviated from the traveled portion and fell into an unguarded open ditch existing on the margin or side of the traveled portion of the street. Under a similar state of facts the courts have refused to hold that the person injured was guilty of contributory negligence as a matter of law. The courts have uniformly held that the question as to whether the person involved was guilty of contributory negligence which would prevent recovery is a jury question. *City of Sidney* v. *Schmidt,* 14 C. C. (N. S.), 417, 23 C. D., 128; see annotations in 44 A. L. R. (2d), 633, 651; *Smith* v. *Town of Milford,* 89 Conn., 24, 92 A., 675; *City of Wabash* v. *Bruso, Admx.,* 186 Ind., 637, 117 N. E., 867; *Francis* v. *City of West Plains,* 203 Mo. App., 249, 216 S. W., 808; *Dwyer* v. *Salt Lake City,* 19 Utah, 521, 57 P., 535.

Defendant contends in the fifth assignment of error that the general verdict of the jury was inconsistent with the special findings of fact. Special interrogatory No. 4 is as follows: "Do you find the plaintiff was walking when she could not see where she was walking?" The jury answered this question in the affirmative. Special interrogatory No. 5 is as follows: "If you answer interrogatory No. 4 in the affirmative then answer this interrogatory: Was the plaintiff's inability to see a contributing cause, in any degree, to her falling in an open drainage ditch?" The jury answered this interrogatory in the affirmative.

Defendant contends that the answer to special interrogatory No. 5 in particular is so inconsistent with the general verdict that the verdict should not be allowed to stand. It is claimed that the inability of plaintiff to see was a contributing cause to her falling into the ditch and would bar a recovery. The general verdict will stand unless the special findings are so repugnant to the general verdict that they can not by any reasonable hypothesis be reconciled. 39 Ohio Jurisprudence, 1178, Section 442, and cases cited in the footnotes. It must be observed that the interrogatory does not contain the necessary

qualifying words "direct and proximate cause." The term "contributory negligence" involves the element of proximate cause. The jury did not find that the plaintiff was negligent and that such negligence contributed to the proximate cause of the injuries. The answer is not repugnant to the general verdict.

The defendant has not pointed out in its brief the error complained of with respect to the refusal of the court to give certain special instructions and special interrogatories as claimed under its fourth assignment of error. We have examined the record and find no error with respect thereto.

We find no error in the record prejudicial to the rights of the defendant, and the judgment is affirmed.

*Judgment affirmed.*

MILLER, P. J., HORNBECK and WISEMAN, JJ., concur.

CITY OF EUCLID, APPELLEE, *v.* THE LAKESHORE CO. ET AL., APPELLANTS.*

---

*Motion to certify the record overruled, October 3, 1956. Appeal dismissed, 165 Ohio St., 501.