124 So.2d 305 (1960)
Sharon CLARK, Appellant,
v.
CITY OF ATLANTIC BEACH, a municipal corporation, and Joe Reinertson of Jacksonville, Inc., a Florida corporation, Appellees.
No. C-55.
District Court of Appeal of Florida. First District.
November 3, 1960.
Rehearing Denied December 6, 1960.
Arthur J. Gutman and Robert A. Kanter, Jacksonville, for appellant.
Barnes & Slater, Jacksonville, for appellees.
FITZPATRICK, W.L., Associate Judge.
Appellant, Sharon Clark, seeks to reverse a summary judgment rendered in favor of appellees, City of Atlantic Beach, a municipal corporation, and Joe Reinertson of Jacksonville, Inc., a Florida corporation, in an action for damages.
The only point involved is whether or not there existed no genuine issue of material fact entitling appellees to judgment as a matter of law.
Briefly the facts are as follows: Appellee Joe Reinertson of Jacksonville, Inc., a corporation, was installing a sewer system for the City of Atlantic Beach, a municipal corporation. On or about May 6th, 1959, at approximately 9:00 o'clock p.m., on a very dark night the appellant was returning to her home from work. She was driven by her employer north on Ocean Boulevard. When they reached 10th Street they found the east portion thereof blockaded and two lanterns placed on the blockade. Appellant alighted to proceed on foot. She was familiar with this area, having travelled over it many times going to and from work. There were no sidewalks on either side of Ocean Boulevard and the appellant proceeded to walk north *306 just off the pavement on the west side of Ocean Boulevard, as she normally did in returning from work. After she travelled 10 or 15 feet appellant fell in a hole about 2 or 2 1/2 feet deep which was unlighted and unguarded and could not be seen in the darkness. The essential question is whether or not the barricade and lights on the east side of Ocean Boulevard placed appellant on notice that she could not proceed safely in the dark, just off the pavement on the west side of Ocean Boulevard. The Lower Court held that in so doing she was guilty of contributory negligence as a matter of law. We disagree.
It is the settled law of Florida, as recognized by the Court below, that a pedestrian has the right to proceed in darkness where he or she is familiar with the route to be travelled and has no reason to anticipate danger. The rule is clearly stated in City of Palatka v. Woods, Fla., 78 So.2d 562, 563, where Mr. Justice Drew stated, "She was not required to carry a flashlight to discover whether a walkway which she had a right to assume to be safe was safe in fact." The rule is further set out in Delany v. Breeding's Homestead Drug Co., Fla., 93 So.2d 116; Rubey v. William Morris, Inc., Fla., 66 So.2d 218; Golding v. Lipkind, Fla., 49 So.2d 539; Mertz v. Krueger, Fla., 58 So.2d 160.
It is also well settled that one against whom a summary judgment has been filed is entitled to all lawful inferences that may be drawn from the evidence and the pleadings.
The blockade of the eastern portion of Ocean Boulevard would certainly constitute notice that the eastern portion thereof was unsafe for travel. It might well be that the blockade and lights on the east portion of the pavement would preclude the appellant from assuming that the west portion of the pavement was safe for travel, in the dark; however, it cannot be said, as a strict matter of law, that the blockade of the eastern portion of the pavement would constitute notice of danger beyond the boundaries of the pavement. It is our opinion that a jury would be required to determine just how far from the actual blockade a person, otherwise familiar with the area, would be placed on notice of danger. The appellant was familiar with the area where she was walking, had safely travelled it many times, it was not blockaded or lighted and the jury might well infer, under the evidence here presented, that she had a right to assume that the area over which she was walking, off the pavement, was safe for her to travel over.
In Smith v. City of Daytona Beach, Fla. App., 121 So.2d 440, 443, the city had closed the street at each end of a block and provided other means of access to the houses thereon. They had caused a ditch to be dug the entire length of the street and excavated a hole in said ditch in which water collected. The hole was left unguarded and without barricade or other protective or warning device. A small child fell into the hole and was drowned. The Lower Court held that the contributory negligence of the child's grandmother in permitting the child to wander unattended in the area of the hole precluded recovery. Judge Carroll in reversing the summary judgments entered stated, "Mere fact that evidence as to certain material facts is uncontroverted does not at all mean there is no genuine issue as to the material facts if the uncontroverted evidence is lawfully susceptible to two or more conflicting inferences."
Summary judgment should not be granted unless two conditions exist:
(1) There is no genuine issue as to any material fact and
(2) The moving party is entitled to judgment as a matter of law.
Our conclusion is that the summary judgment here entered did not comply with either of these two conditions. This cause should have been allowed to proceed to trial and the evidence submitted to a jury *307 under proper instructions for their determination of the factual issues.
Reversed and remanded with directions for further proceedings consistent with the views herein expressed.
Reversed with directions.
STURGIS, Acting Chief Judge, and CARROLL, DONALD, J., concur.