**Elgin E. SANDERS, Appellant,**

v.

**CARL BERRY OIL COMPANY,**
Respondent.

No. 48798.

Supreme Court of Missouri,

Division No. 2.

July 16, 1962.

Motion for Rehearing or for Transfer to Court en Banc Denied Sept. 10, 1962.

Robert H. Miller, Gene C. Morris, Reed O. Gentry and Rogers, Field & Gentry, Kansas City, for appellant.

Jack G. Beamer and McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, for respondent.

STOCKARD, Commissioner.

Plaintiff, Elgin E. Sanders, has appealed from an adverse judgment entered pursuant to a jury verdict in his suit for $25,000 for personal injuries resulting from a fall.

On December 15, 1958, William Ray Spurgeon, an employee of defendant, Carl Berry Oil Company, delivered 1,500 gallons of fuel oil to the Fredric Hotel. In the process of pumping the oil into a pipe re-

cessed behind an iron door of the hotel building about two gallons of the oil was spilled on the surface of a public alley which was located on the west side of the hotel. At 3:00 o'clock the following morning the plaintiff, a taxi driver who lived at the hotel, started to walk to his cab which was parked on a nearby parking lot. Instead of walking on an available lighted sidewalk, which route he had used about four hours earlier in walking from his cab to the hotel, plaintiff took a shorter route through the dark and unlighted alley, stepped on what he said was the fuel oil spilled by Spurgeon, and fell and was injured. Defendant introduced evidence to the effect that there was ice and snow on the surface of the alley, and that after the oil was spilled Spurgeon wiped all of it up with rags. The inference from the evidence is that there were no sidewalks in the alley for pedestrian use.

At the request of the defendant the trial court gave an instruction on contributory negligence, the terms of which will subsequently be discussed. Plaintiff contends that the trial court erred in giving any instruction on contributory negligence because an alley is a public street and he had a right to presume that the city had complied with its duty to maintain the alley in a reasonably safe condition for travel, and for that reason he could not, as a matter of law, be found guilty of contributory negligence. Defendant contends, on the other hand, that by voluntarily entering the dark and unlighted alley when a safe and lighted way was available, plaintiff was guilty of contributory negligence as a matter of law. We disagree with both contentions.

Bearing upon both of these contentions is the issue of a presumption that a public way is safe. In suits against a municipality where the issue for determination was whether a person traveling on a public way in the nighttime was guilty of contributory negligence as a matter of law when injured by reason of falling in a hole, ditch or other defect in the public way, the courts have said that a person is entitled to presume that a street or sidewalk is safe for travel by night as well as by day. Conner v. City of Nevada, 188 Mo. 148, 86 S.W. 256; Dinsmore v. City of St. Louis, 192 Mo. 255, 91 S.W. 95; Kirk v. Kansas City, Mo. App., 129 S.W.2d 1058; Vick v. City of De Soto, Mo.App., 86 S.W.2d 367; Clark v. City of Atlantic Beach, Fla.App., 124 So.2d 305; Vol. 19, Municipal Corporations, McQuillin, 3rd ed. Sec. 54.123. This presumption is based on the theory that "the city had done its duty in keeping its street in a reasonably safe condition." Conner v. City of Nevada, supra, 86 S.W. at p. 260. See also Ryan v. Kansas City, 232 Mo. 471, 134 S.W. 566, 569. However, this is not a suit against the city, and the evidence does not affirmatively show that the oil had been on the surface of the alley for a sufficient period of time to charge the city with notice and to afford it an opportunity to correct the situation. It appears somewhat incongruous for plaintiff to argue that he had the right to presume that the city had performed a duty which, under the evidence in this case, apparently did not exist. Notwithstanding this possible situation which differentiates this case from those relied on by plaintiff, what we consider to be the correct rule, and which is recognized as the "prevailing rule" in Vol. 19, Municipal Corporations, McQuillin, 3rd ed., Sec. 54.123, was stated by Judge Lamm in a separate concurring opinion to Ryan v. Kansas City, 232 Mo. 471, 134 S.W. 566, 570–571. It was there said that while a footman in a proper case "may presume a city has done its duty in keeping its sidewalks in a reasonably safe condition for travel by pedestrians, by night as well as by day, yet that presumption runs with a condition. It goes hand in hand with another vital proposition, viz., that a footman must use ordinary, that is, due, care to avoid injuring himself. Such care is the care of an ordinary person under like circumstances. Such care is broad enough to create the duty to look and see where one is going, as well as the duty

to avoid danger when actually discovered. That does not mean a pedestrian is an inspector of sidewalks, or cannot take a step without looking down to see that his feet do not carry him into a pit, * * *. He need not be watching at every footfall for defects, but he should act like a prudent person, who makes reasonable use of his eyes while walking. He cannot shut his eyes, or blindfold himself, or walk backward, or not look about him at all, or, under the assumption that no defects exist walk heedlessly into obvious ones." It is obvious that plaintiff is in error when he contends that as a matter of law he could not be found to be negligent.

■ We conclude that under the facts and attending circumstances a jury could reasonably find that when plaintiff entered the alley in total darkness at three o'clock in the morning when a safe and lighted sidewalk was available for his use he did not exercise the care of an ordinary reasonable and prudent person. See Kirk v. Kansas City, Mo.App., 129 S.W.2d 1058; Magennis v. City of Pittsburgh, 352 Pa. 147, 42 A.2d 449; Carroll v. New Orleans Ry. & Light Co., 132 La. 683, 61 So. 752; Roberts v. City of Fairborn, 102 Ohio App. 91, 141 N.E.2d 297; 63 C.J.S. Municipal Corporations § 854. However, reasonable men, in the honest exercise of a fair impartial judgment would not necessarily reach the above conclusion, and in such event a person is not to be held guilty of contributory negligence as a matter of law. Brandt v. Thompson, Mo., 252 S.W.2d 339. The trial court was correct in ruling that whether or not plaintiff was guilty of contributory negligence was a jury issue.

We shall now examine plaintiff's contentions that Instruction No. 7 on the issue of contributory negligence was prejudicially erroneous. This instruction provided that if the jury found that (1) plaintiff left the hotel about 3:00 o'clock in the morning and entered the alleyway; (2) *"at said time there was no natural illumination from the moon or the stars and there were no street lights or other artificial sources of light which illuminated said alleyway;"* (3) plaintiff proceeded down the alleyway "without the use or assistance of a flashlight or other source of illumination;" (4) the alleyway was paved with brick and patched with asphalt and covered in places with ice, snow and frozen slush; (5) at various times over the last few years and on the 15th day of December, 1958, fuel oil had been spilled on the surface of said alleyway in the vicinity of the oil pipe in the wall of the hotel; (6) *"on the 16th day of December, 1958, the plaintiff by the exercise of reasonable care, saw or should have seen said ice and oil on the surface of said alleyway;"* (7) plaintiff elected to enter such alleyway without any means of lighting his way and slipped on said ice or oil; and (8) "such conduct" on the part of plaintiff was negligence which caused or directly contributed to cause plaintiff's injuries, then plaintiff could not recover and the verdict of the jury should be for defendant.

■ Plaintiff contends that the facts hypothesized in item (6) above were not supported by the evidence, and that by reason of items (2) and (6) the instruction required the jury to reach contrary and inconsistent findings in that it was required to find that plaintiff was negligent in walking into the alley in complete darkness without providing a light, and that he was negligent in failing to see the oil and ice on the surface of the alley when complete darkness existed. We agree with plaintiff as to both contentions, but we need not go into further detail to demonstrate that item (6) was not supported by the evidence because the instruction would have been erroneous even if supported.

This precise issue was recently before the court en banc in Pigg v. Bridges, Mo., 352 S.W.2d 28. There the plaintiff fell down a stairway, and the defendants' instruction on contributory negligence hypothesized in the conjunctive, and required the jury to

772

find, that "by looking he [plaintiff] could have discovered said stairway, and * * * he stepped into the doorway and into said stairway at a time when he could not ascertain what the said doorway led to, * * *." The court stated that there was evidence to support each hypothesis and that defendants would have been entitled to submit each in the disjunctive. It was then held: "It needs no argument, however, to demonstrate that, submitted conjunctively, the two inconsistent contradictory findings of [the instruction] required the jury to find two facts which could not coexist. Such direction amounted to misdirection under which a jury properly could not perform its function and the instruction was therefore prejudicially erroneous." See Thomas v. Kimsey, Mo., 322 S.W.2d 754, 758; and Pijut v. St. Louis Public Service Company, Mo., 330 S.W.2d 747, 752, 753. Instruction No. 7 obviously hypothesized in the conjunctive two directly contradictory findings of fact, that is, that there was no light whatever in the alley and that under such circumstances plaintiff saw or should have seen the ice and oil on the surface of the alleyway. We can see no possible distinction between the Pigg case and this one which would prevent Instruction No. 7 from constituting an affirmative misdirection. We do see a distinction which adds to its prejudicial effect. In the Pigg case each hypothesis was supported by the evidence. In this case item (6) unquestionably was not. The theory of the instruction, except for item (6), was that plaintiff was negligent in entering the alley when it was so dark he *could not see*, but item (6) required the jury to find that he *did see* or *should have seen*, which if true destroyed the theory of the remainder of the instruction. In addition to the inconsistency, the fact that item (6) had no support in the evidence added confusion.

Defendant contends that the above interpretation ignores the phrase, "the plaintiff by the exercise of reasonable care," which prefaced the required finding that plaintiff "saw or should have seen said ice and oil on the surface of said alleyway." It asserts that the jury was not asked to find that plaintiff could see in the dark but "were asked to find that the hazard would have been visible to plaintiff in the exercise of ordinary and reasonable care for his own safety," that is, he "should have seen" the ice and oil *if* he had provided himself with a flashlight or other artificial light. This interpretation leaves entirely unexplained why the requirement was included that *if* he had provided himself with a light he "*saw* or should have seen," and the presence of the word "saw" is inconsistent with defendant's interpretation. In addition, this strained construction now asserted by defendant is not what the instruction says, and we are convinced that no reasonable jury could have so interpreted it.

Plaintiff also challenges Instruction No. 6, a burden of proof instruction because it contains the phrase "to your reasonable satisfaction." In the event of a new trial defendant may redraft the instruction if so advised in view of the attacks made by plaintiff against it.

For the prejudicial error in Instruction No. 7 the judgment is reversed and the cause remanded.

BOHLING, C., concurs.

BARRETT, C., dissents.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.