JOSÉ R. OLIVER ET UX., Plaintiffs and Appellees, v. MUNICI-PALITY OF BAYAMÓN, Defendant and Appellant.

No. 462.        Decided November 26, 1963.

---

434

*Armando A. Miranda* and *P. J. Santiago Lavandero* for appellant. *F. Fernández Cuyar* for appellees.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On several occasions we have held that the municipalities are only required to maintain their streets and sidewalks in condition of reasonable safety. They are not insurers of pedestrians nor are they required to keep the sidewalks in perfect conditions. Thus, in *Davidson* v. *H. I. Hettinger & Co.*, 62 P.R.R. 286 (1943), plaintiff was awarded damages for a fall which she suffered when she tripped over a hole or depression existing in a sidewalk and we specifically stated that whether or not a sidewalk is in condition of reasonable safety is a question of fact to be decided considering the size and depth of the hole, the width of the sidewalk, the frequent use by pedestrians and the possibility that those who use it with reasonable care may discover the defect. In *Vélez* v. *The Capital*, 77 P.R.R. 663 (1954), we held that the duty to maintain the sidewalks in good condition includes the grassplots extending alongside the curb, and that it is negligence to permit these areas to be several inches

below the curb and to permit the roots of the trees to sprout out from the earth. See *Blanco* v. *Municipality*, 57 P.R.R. 470 (1940), and *cf. Tavárez* v. *San Juan Lodge*, 68 P.R.R. 681 (1948). As we shall see, these general principles indicate the general rules to be applied in the present proceeding in which the accident occurred in an area adjoining the sidewalk.

For a better understanding of the problem to be solved, we will copy the findings of fact of the trial court and which, after examining carefully the transcript of the evidence, it may be affirmed, are fully supported by the evidence:

"1. On June 27, 1956, about 11:00 p.m., while Elvira Roses de Oliver, after coming out from a basketball game together with her husband and some friends, was walking along a public sidewalk in the city of Bayamón toward the place where her husband had parked his car, she tried to avoid falling into a depression or hole in the sidewalk and moved toward the right edge to continue walking. The place in question was dark that night, many other persons were walking in front of plaintiff, and as she took several steps forward, all of a sudden she fell in a hole which was close to the edge of the sidewalk.

"2. Said hole was eleven inches long and nineteen inches wide. It was four feet deep.

"3. There was no light inside the hole, nor barriers, enclosures, or fences separating the edge of the sidewalk from the hole. Nor was there any sign or poster warning pedestrians and travelers of the existence of the hole.

"4. The sidewalk on which plaintiff was walking when she suffered the fall already described is owned by the Municipality of Bayamón, which is in charge of its cleaning, maintenance and repair. As a question of fact, some time after this accident the municipality repaired it filling and covering with cement the depression which induced plaintiff, as we said before, to move towards the right to avoid falling into said depression or hole.

"5. The municipality knew of the existence of the hole in which plaintiff fell prior to said fall."

■■ 1. The findings of fact copied cannot lead to any other conclusion than the existence of liability on the part of the municipality. As part of its obligation to maintain the sidewalks in reasonable conditions of use, it was the duty of the municipality to adopt measures to avoid causing damages by reason of the existing dangerous condition created by the hole near the inside border of the sidewalk. It could not disclaim liability on the ground that the place where the hole was located did not belong to the municipality nor under its control, since the risk could be anticipated and it was in such proximity to the sidewalk that it rendered its use unsafe. The least it could do in view of such a dangerous situation was to erect a wall or barrier adjacent to the sidewalk to protect pedestrians. *Gallipo* v. *City of Long Beach*, 304 P.2d 106 (Cal. 1957); *City of Hartshorne* v. *Carlomagno*, 287 P.2d 696 (Okla. 1955); *Roberts* v. *City of Fairborn*, 141 N.E.2d 297 (Ohio 1956); *Nicholson* v. *City of Des Moines*, 60 N.W.2d 240 (Iowa 1956); *Jacks* v. *Birmingham*, 105 So.2d 121 (Ala. 1958); Annotation, *Duty and liability of municipality as regards barriers for protection of adult pedestrians who may unintentionally deviate from street or highway into marginal or external hazards*, 44 A.L.R.2d 633 (1955). 2 Antieau, Municipal Corporation Law 98.20, § 11.20 (1963), states the general rule as follows: "Where excavation, declivities, embankments or other dangerous defects substantially adjoin sidewalks or are in such proximity thereto as to make them unsafe, it is the duty of a municipality to take precautions to render the walks safe for travel by those who are using them in the ordinary way." See, in the same respect, 3 Yokley, Municipal Corporations, § 461 (1958), and 19 McQuillin, Municipal Corporations, § 54.69 (3d ed. 1950). We are concerned once more with the applicability of the foreseeability test as index of liability.

■ It may be argued that the abutting landowner was also liable for the existence of the dangerous condition. In that case it would have been necessary to show that the construction of the fence which separated part of his property from the sidewalk was subsequent to the municipal work. *Hayden* v. *Philadelphia*, 112 A.2d 812 (Pa. 1955). However, he was not joined as a party defendant. The evidence does not contain any showing on this fact. Therefore, it may be presumed that the sidewalk was subsequently constructed, and this being so, it was the duty of the municipality to take the necessary precautions to avoid damages to third persons because of the existence of the dangerous condition.[1]

2. The other errors assigned are aimed at challenging as excessive the amount of compensation awarded and the imposition of attorney's fees.

■ a) The trial court concluded that plaintiff, who at the time of the accident was 56 years old, suffered as a result of the fall two fractures in her right ankle—"an impacted one[2] through the middle of the calcaneus bone [heel bone which forms part of the tarsus] and another cortical fracture of the external malleolus [lower end of the perone]." A 25 percent permanent residual incapacity was declared to exist in the functions of her right ankle, which manifests itself in producing pain when walking for a long time. She

---

[1] The answer to the complaint did not make any allegation of concurrent negligence, which at the time of the accident constituted a defense of partial liability. The evidence having been considered, it cannot be asserted that that was the situation, since as it appears therefrom the accident occurred at night, in a poorly lighted place which the plaintiff could consider safe. Moreover, she was not required either to walk and to gaze continuously at the ground to discover possible hazards and avoid them. *Davidson* v. *H. I. Hettinger & Co., supra.*

[2] An impacted fracture is a fracture in which one fragment is forced into the other. This definition, the same as those in parentheses after certain terms, has been taken from the *Terminological Dictionary of Medical Sciences*, Salvat Editors (4th ed. 1952).

was submitted to the usual treatment for these cases, the immobilization of the affected leg, and it lasted at least two months. She was awarded $12,000.

We have examined the expert evidence consisting in the certificates of Drs. Manuel Espinosa, Gabriel Zamorano and Ian D. Murphy, and it does not support the finding of the existence of two fractures. Dr. Espinosa refers to "a fracture of the calcaneum through the center of the latter's body with a slight collapse or depression," and the finding of "a small cortical avulsion [superficial tearing] of the malleolus." The diagnosis of Dr. Zamorano Estapé was "a fracture of the right calcaneum," and Dr. Murphy refers to it as a result of the examination made by him. There is no question that the judge, in awarding the amount of compensation, was under the impression that there were two fractures instead of one, as shown by the amount of the award granted by him. Having considered the facts previously stated, the compensation will be reduced to $9,000.

■ b) An examination of the original record reveals that it was alleged in the complaint that plaintiff suffered a fall "as a result of a big hole which was left open in said sidewalk," while the evidence showed that the accident occurred in a place adjoining the sidewalk. Furthermore, the question on the liability of the municipality for damages caused as a result of existing hazards in places adjoining sidewalks had not been previously decided in this jurisdiction. Under such circumstances, the imposition of attorney's fees is not warranted.

The judgment will be modified accordingly and, as thus modified, it will be affirmed.