William F. WHITTOM, et al., Appellants,

v.

ALEXANDER–RICHARDSON
PARTNERSHIP, et al.,
Respondents.

No. 75311.

Supreme Court of Missouri,
En Banc.

April 20, 1993.

James Stemmler, St. Loüis, for appellants.

Leslie Broome Yoffie and Ellsworth Cundiff, Jr., St. Charles, for respondents.

COVINGTON, Judge.

This is an appeal from an action by plaintiffs to establish their right to use a roadway that crosses defendants' property, and for damages resulting from defendants' blockade of the roadway. Plaintiffs base their right to use the roadway on theories of common law dedication and prescriptive easement. Upon defendants' request the trial court ordered plaintiffs to elect between the theories at the close of the evidence. Plaintiffs submitted their case on common law dedication. The trial court entered judgment in favor of defendants. The Missouri Court of Appeals, Eastern District, affirmed. In the course of the affirmance the court of appeals suggested that the requirement to elect between two theories that are inconsistent, or repugnant, may be an "anachronism" under rules that allow pleading of claims or defenses in the alternative. It is upon the court of appeals' suggestion that this Court granted transfer to re-examine the ques-

tion. After review of the law governing common law dedication and prescriptive easement, however, it is clear that this Court must decline to address the question, because there is no inconsistency in the claims for common law dedication and prescriptive easement in the case presented. Affirmed in part; reversed and remanded in part.

Plaintiffs, Whittom and others, are residents and owners of homes in Lake Village Subdivision. Defendants are owners of land adjacent to Lake Village. A roadway crosses defendants' land and provides access to Lake Village. Until 1988 plaintiffs used the roadway to gain access to their subdivision. In 1988 defendants constructed another roadway for plaintiffs' use and barricaded the roadway previously used by plaintiffs. Plaintiffs filed suit to establish their right to continue to use the original roadway.

In their five-count petition, plaintiffs requested the court to find the action to be a class action on behalf of all of the residents of the subdivision, with plaintiffs as proper representatives of the class. Plaintiffs also requested the court to declare that they had acquired a right to use the roadway by prescriptive easement or by common law dedication. In addition, plaintiffs sought damages for a prima facie tort based upon defendants' alleged intentional interference with plaintiffs' right to use the roadway, and plaintiffs requested the court to enjoin defendants from continuing that interference.

The court certified the action as a class action with plaintiffs as representatives of the class. The case was tried before the court without a jury. On defendants' requests, made at the close of the plaintiffs' case and again at the close of the entire case, the court directed the plaintiffs to elect to submit the case on only one of the plaintiffs' two theories of recovery. Noting their objection, plaintiffs elected to submit on common law dedication. The court entered judgment in defendants' favor on all counts. Plaintiffs did not request, and the trial court did not enter, findings of fact or conclusions of law.

Plaintiffs' first issue on appeal is two-fold: plaintiffs contend the trial court erred in ordering them to elect between the claims of prescriptive easement and common law dedication, and, if the theories are inconsistent, inconsistent theories may be submitted to the court in a court-tried case. Plaintiffs also appeal the trial court's exclusion of evidence on the damages claim. Plaintiffs do not appeal from the trial court's judgment for defendants on the common law dedication claim.

■ Analysis of plaintiffs' first point on appeal commences with noting the distinction between election of remedies and election of inconsistent theories of recovery. The election of remedies doctrine, a doctrine of estoppel, originates upon the theory that "where a party has the right to pursue one of two inconsistent remedies and he makes his election, institutes suit, and prosecutes it to final judgment, he cannot thereafter pursue another and inconsistent remedy." *Tooker, et al., v. Missouri Power & Light Co.*, 336 Mo. 592, 80 S.W.2d 691, 695 (1935); *see also Berger v. Mercantile Trust Co.*, 352 S.W.2d 644, 647 (Mo.1961). The purpose of the election of remedies doctrine is to prevent double recovery for a single injury. *Perez v. Boatmen's Nat'l Bank of St. Louis*, 788 S.W.2d 296, 300 (Mo.App.1990). As noted by one commentator:

> Thus the plaintiff whose horse has been stolen can sue the thief for damages for conversion, or he can bring replevin ... to get the horse back. But he cannot do both, for this would give him both the value of the horse and the horse itself, a form of double recovery. The election of remedies doctrine prevents this by requiring the plaintiff to choose one of the two remedies. In this abstract form, it becomes merely a legal version of the idea that one can't have his cake and eat it too.

Dan B. Dobbs, Remedies, § 1.5 at 14 (1973).

■ Entirely distinct from the election of remedies doctrine is the doctrine that requires a party to elect between theories of recovery that are inconsistent, even

though pled together as permitted by *Rule 55.10*, before submitting the case to the trier of fact. *Wallace v. Bounds,* 369 S.W.2d 138, 141 (Mo.1963). If two counts are so inconsistent that the proof of one necessarily negates, repudiates, and disproves the other, it is error to submit the inconsistent theories. *Id.* at 142.

An examination of cases that involve an election of inconsistent theories of recovery indicates that the determination of when two theories are inconsistent is heavily dependent upon the facts of the case. In *Crews v. Wilson,* 312 Mo. 643, 281 S.W. 44 (1926), a jury instruction asked the jury to find a defendant guilty of failure to exercise ordinary care in not stopping his railway car in time to prevent striking the decedent. Another instruction asked the jury to find that the defendant drove his railway car out of control and struck the decedent. *Id.* 281 S.W. at 46. The theories were inconsistent because "if the car was not under control as contemplated in Instruction 7, then how could the motorman by the exercise of ordinary care have stopped the car in time to save the life of the child as contemplated in Instruction 1....?" *Id.; see also Thompson v. Gipson,* 277 S.W.2d 527, 531 (Mo.1955); *State ex rel. Tunget v. Shain, et al.,* 340 Mo. 434, 101 S.W.2d 1, 3 (1936); *Elliott v. Richardson,* 28 S.W.2d 408, 410 (Mo.1930).

In *Sanders v. Carl Berry Oil Co.,* 359 S.W.2d 769 (Mo.1962), this Court found a jury instruction for contributory negligence to be inconsistent because on the one hand the instruction required the jury to find that no natural or artificial light illuminated an alley in which the plaintiff slipped, while on the other hand the instruction informed the jury that the plaintiff should have seen the ice or oil that caused the plaintiff to slip. *Id.* at 771. For the jury to find that no light illuminated the alley would require the jury to find a fact inconsistent with the finding that plaintiff should have seen the ice or oil. The in-

struction " 'required the jury to find two facts which could not coexist.' " *Id.* at 772 (quoting *Pigg v. Bridges,* 352 S.W.2d 28, 31 (Mo.1961)).

In *Wallace v. Bounds,* this Court found that the statutory right of a personal representative of a decedent to recover for the decedent's personal injuries was inconsistent with a plaintiff's right to recover for the wrongful death of the decedent. The theories were factually inconsistent because a personal representative could recover for the decedent's personal injuries only if those injuries did not cause the decedent's death, while a claim for wrongful death would be allowed only if the injuries did cause the decedent's death. *Wallace,* 369 S.W.2d at 142.

Although each of the cases cited applying the doctrine of election of inconsistent theories is factually unique, there exists in them a common thread. Courts found theories inconsistent only if in all circumstances one theory disproved the other. An alleyway is either illuminated or dark; a driver either has control of his vehicle or does not; a decedent's death is either caused by his personal injuries or is not. The theories must factually disprove each other to be inconsistent and to require election.

In the present case the plaintiffs properly seek only one remedy, right, or privilege: use of the roadway. The plaintiffs pled two theories to obtain that remedy: prescriptive easement and common law dedication.[1] An examination of the theories of common law dedication and prescriptive easement reveals that, while at times the theories may be inconsistent, the consistency or inconsistency depends upon the facts of each case as applied to the two theories.

Common law dedication awards the public the use of the land in dispute and is proven by showing: (1) that the owner, by unequivocal action, intended to dedicate the land to public use; (2) that the

---

**1.** The plaintiffs proceed on the common law dedication count as representatives on behalf of the public. The plaintiffs seek the prescriptive easement as members of a class of residents of a subdivision. Prescription by a large but defina-

ble group, such as members of a large organization, is generally allowed. Roger A. Cunningham, et al., The Law of Property, § 8.7 at 454 (L.Ed.1984).

land dedicated was accepted by the public; and (3) that the land dedicated is used by the public. *Haertlein, et al., v. Rubin,* 195 S.W.2d 480, 483 (Mo.1946); *Connell, et al. v. Jersey Realty & Investment Co.,* 352 Mo. 1122, 180 S.W.2d 49, 52 (1944). The intention of the owner to set apart land for public use is the foundation of every dedication. *Connell,* 180 S.W.2d at 52. The acts establishing a dedication must be unequivocal, indicating expressly or by plain implication, a purpose to create a right in the public to use the land. *Id.* When there is no actual intention, it is possible that an owner's actions may nevertheless evince an intention to dedicate. *Id.* In such circumstances, because dedication is a theory premised on estoppel rather than on an affirmative grant, the owner can be precluded from resuming rights over the property if the public acts upon the owner's manifestations. *Id.* at 52–53.

 To establish a prescriptive easement, it is necessary to show use that has been continuous, uninterrupted, visible and adverse for a period of ten years. *White v. Ruth R. Millington Living Trust,* 785 S.W.2d 782, 784 (Mo.App.1990) (quoting *Orvis v. Garms,* 638 S.W.2d 773, 776 (Mo.App. 1982)). To be adverse the use does not need to be under a belief or claim of right that is legally justified. *Jacobs v. Brewster,* 354 Mo. 729, 190 S.W.2d 894, 899 (1945). All that is required for the use to be adverse is non-recognition of the owner's authority to permit or prohibit the continued use of the land. *Id.* For use to be continuous it is not necessary that it be constant. What is necessary, however, is that there be no break in the essential attitude of the mind required for adverse use. *Id.* 190 S.W.2d at 898. Whether the use of the land establishes a prescriptive easement is a fact question to be inferred from the circumstances and the nature and character of the use. *Id.* at 897.

Defendants contended, and the court of appeals agreed, that proof of the owners' intention to dedicate the road to public use would necessarily show that the use of the road was not adverse; therefore, the theories repudiate each other. The court of appeals held as a matter of law that proof of common law dedication, which requires proof of permission by the owner, necessarily disproves a claim for a prescriptive easement because permission to use the land prohibits a prescriptive easement from ripening.

Plaintiffs counter, as best their contention can be understood, that their claim for adverseness of use under the theory of prescriptive easement is based upon a claim of nonexclusive right to use the property, under which they are not required to recognize the need to obtain defendants' permission; therefore, there is no factual inconsistency in their theories of recovery.

 The confusion in this case appears to have arisen in part from an assumption that the element of adverseness of use in the context of prescriptive easements is under every circumstance inconsistent with the first element under common law dedication that an owner must intend to dedicate his land for public use. The assumption is mistaken; there can be circumstances in which the facts required to prove the owner's intent to dedicate can coexist with the adverseness requirement of a prescriptive easement.

 In the context of prescriptive easements, to be adverse, it is necessary only for the use to proceed without recognition of the owner's authority to permit or prohibit the use; it is not required that the user intend to violate the owner's rights. *Johnston v. Bates,* 778 S.W.2d 357, 362 (Mo.App.1989); *Jacobs,* 190 S.W.2d at 899. It is not required that the adverse use be exclusive. The claimant of an easement claims only the right to make certain use of the land and does not claim to possess the whole title and exclude the owner from it for all purposes. *Cramer v. Jenkins,* 399 S.W.2d 15, 17 (Mo.1966). To establish an easement by prescription, it is not necessary to show an express claim of right in words or to show that the adverse party expressly admitted knowledge of the claim. *Moravek v. Ocsody,* 456 S.W.2d 619, 625 (Mo.App.1970). It is sufficient that the person who has allegedly established the easement acts in a manner such as to indi-

cate clearly that he or she claims a nonexclusive right to use the property. *Day v. Grisham,* 571 S.W.2d 473, 475 (Mo.App. 1978). "Adverse" does not require a showing of hostility in the sense of belligerency. *Jacobs,* 190 S.W.2d at 899; *Judge v. Durham,* 281 S.W.2d 16, 21 (Mo.App.1955).

■ In the context of prescriptive easements, satisfaction of the prerequisite for adversity is commonly inferred, rather than directly proved. *Cramer v. Jenkins,* 399 S.W.2d at 17. Proof that a particular use of another's land has in fact occurred normally justifies a finding that the use has been adverse:

> Theoretically the use and easement are with the knowledge and acquiescence of the owner as much as is the adverse possession of a defendant in ejectment. For the law presumes that every man knows the condition and status of his land, and if any one ousts him, or trespasses upon his land, or enters into possession and sets up an adverse claim thereto, and the owner does not ask legal aid to dispossess him within the time limited for bringing such actions, the law assumes that the owner has acquiesced in the adverse claim.

*Boyce v. Missouri Pac. R.R.,* 168 Mo. 583, 68 S.W. 920, 922–23 (1902); *See also White v. Ruth R. Millington Living Trust,* 785 S.W.2d at 786.

■ The review of the law of prescriptive easements reveals that the alternative theories of prescriptive easement and common law dedication are not necessarily inconsistent or repugnant; proof of one theory does not necessarily disprove the other. As noted, the element of the intent required, or "permission" as the parties frame the issue in this case, for purposes of common law dedication may be inferred by the owner's actions, even if the owner had an actual intent not to dedicate the land for public use. *Connell,* 180 S.W.2d at 52. The owner's intent to dedicate the land may be inferred by refusal to prohibit the public from using the land. The owner would be estopped from asserting that no dedication occurred since the public relied upon the owner's inaction as proof of the

owner's intent to dedicate. *See Id.* It appears from the record in the present case that this was the plaintiffs' theory of common law dedication.

■ The same principles of estoppel would allow the plaintiffs in this case also to argue that an easement over the defendants' land was adverse. If the defendants did not interfere with plaintiffs' use, and if plaintiffs' use of the roadway was in a manner clearly indicating that plaintiffs claimed a nonexclusive right to use the property without the need to obtain defendants' permission, then the requirement for adversity would be satisfied. Proof of "permission" by the owners of land on a theory of common law dedication would not necessarily prohibit a prescriptive easement from ripening. The plaintiffs' evidence was that the plaintiffs used and effected repairs to the disputed roadway without permission or approval from the defendants until the defendants barricaded the road. Defendants' inaction in response to plaintiffs' conduct is a factual element that can serve as proof of either common law dedication or prescriptive easement under principles of estoppel. Accordingly, plaintiffs should not have been required to abandon their claim of prescriptive easement.

Whether the plaintiffs proved that their use of the road was adverse under the law of prescriptive easements is a matter for decision by the trier of fact, as are the questions of proof of the other elements necessary to establish a prescriptive easement. The cause must be remanded for the trial court to review the record to determine whether the proof adduced by plaintiffs supports their claim of prescriptive easement and to enter judgment in accordance with its findings.

Plaintiffs' second point on appeal addresses the exclusion of evidence on the damages claim. At trial, a witness for plaintiffs testified that three or four months before the defendants blocked the use of the roadway, the residents of Lake Village held a meeting to discuss the use of the roadway. Plaintiffs attempted to introduce testimony that defendants were invit-

ed to, but did not attend, the meeting. Defendants objected on the grounds of relevancy. Plaintiffs argued that the testimony was relevant to the issue of damages in the prima facie tort claim. The trial court sustained the objection. Plaintiffs made an offer of proof, through questions and answers of the witness, that defendants were invited to the meeting to discuss the building of the alternative road, but defendants did not respond to the invitation, and that the witness did not "have any discussions" with defendants directly. The trial court sustained the objection and rejected the offer of proof.

Plaintiffs have not preserved their claim for appellate review. Plaintiffs' offer of proof at trial was that the evidence was relevant to the issue of damages. On appeal plaintiffs contend the rejected evidence was relevant to show two elements of the prima facie tort claim. A party cannot advance on appeal grounds for admission of evidence different from that presented in the offer of proof at trial. *See Sorrell v. Hudson*, 335 S.W.2d 1, 6 (Mo. 1960).

Judgment affirmed in part, reversed and remanded in part.

All concur.