STATE ex rel. MISSOURI COALITION FOR THE ENVIRONMENT, Greg Poleski, John Nichols, and Anne Englert, Appellants,

v.

The CONSERVATION COMMISSION OF the STATE OF MISSOURI, and John Powell, William A. Dalton, Jerry P. Combs, and Anita B. Gorman, Respondents.

No. WD 51579.

Missouri Court of Appeals, Western District.

Aug. 27, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 1996.

Application for Transfer Sustained Nov. 19, 1996.

Case Retransferred March 25, 1997.

Court of Appeals Opinion Readopted April 4, 1997.

Bruce A. Morrison, St. Louis, for appellants.

Thomas A. Vetter, Jefferson City, for respondents.

Before LOWENSTEIN, P.J. and HANNA and SPINDEN, JJ.

HANNA, Judge.

The plaintiff, Missouri Coalition for the Environment, appeals from the circuit court's order granting summary judgment in favor of the defendants, the Conservation Commission of the State of Missouri and its members

(Commission). At issue is a parcel of property located in St. Louis County, bounded by highways on the north and south sides, the Missouri River on the west side, and a levee on the east side.

In 1976, this property became the subject of litigation in the United States District Court of the Eastern District of Missouri. The resulting consent judgment entered by the federal court imposed significant restrictions on the property. Specifically, the federal court decree required that the property be maintained as "an unimproved 'green belt' area," and that it be "available to be used without charge by members of the public . . . for purposes of hiking, bird watching, nature observation, family picnics and fishing. . . ."

Ford Motor Credit Corporation subsequently acquired the property. In 1984, Ford executed a "Deed of Dedication," conveying the property to the Commission. The Ford deed, reciting consideration of one dollar, provided that Ford did "[g]rant, [b]argain and [s]ell, [c]onvey and [c]onfirm, and [d]edicate" the property to the Commission, subject to the following: (1) taxes; (2) right of access to the Missouri River over the property; (3) the terms and conditions of all easements, licenses, building and use indentures, regulations, code and decrees of record; and (4) an easement for ingress and egress reserved by Ford for the benefit of Ford and the Earth City Board of Trustees.

The deed recited acceptance by the Commission "for the benefit and use of the State of Missouri." The Commission further covenanted that it "would not improve or develop the property, that it would remain in an unimproved natural state and that neither hunting nor the discharge of firearms or weapons of any kind [would be] permitted." The deed provided that the restrictions were binding upon the successors and assigns of both Ford and the Commission.

In February 1995, the Commission began soliciting bids for the sale of the property. The property was to be sold by special warranty, subject to: (1) the terms and provisions of the 1976 federal decree; (2) the terms and conditions of the Ford deed; and (3) all other easements of record.

In April 1995, the plaintiff brought an action seeking, in Count I, a declaratory judgment that the Commission had no authority to sell the property, and a preliminary and permanent injunction enjoining the Commission from selling the property. In Count II, the plaintiff sought an order in mandamus requiring the Commission to maintain ownership of the property and to maintain the property in accordance with the terms of the Ford deed.

The court denied the plaintiff's application for a preliminary injunction. In May 1995, the Commission filed an amended motion for summary judgment. The court sustained the Commission's summary judgment motion and subsequently overruled the plaintiff's motion for a new trial. The plaintiff appeals.

■■■ Appellate review of the propriety of summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is viewed in the light most favorable to the party against whom summary judgment was entered, and that party is afforded all reasonable inferences that may be drawn from the evidence. *Id.* Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* Summary judgment will be affirmed on appeal if the reviewing court determines that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *General Motors Corp. v. Kansas City*, 895 S.W.2d 59, 61 (Mo.App.), *cert. denied*, — U.S. —, 116 S.Ct. 277, 133 L.Ed.2d 197 (1995).

■■■ When the movant is the defending party to an action, that movant may establish a right to judgment by showing: (1) facts that negate *any one* of the non-movant's/claimant's elements facts; (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the non-movant's elements; or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affir-

mative defenses. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 381.

■ In its first three points, the plaintiff argues that the trial court erred in finding that the Ford deed was not a true dedication in sustaining the Commission's summary judgment motion. Specifically, the plaintiff takes issue with the court's findings that the deed did not create new rights in the public, did not set forth a public purpose, and was not accepted by the Commission on behalf of the public.

The plaintiff first contends that the trial court improperly focused on whether the Ford deed created new rights in the public because the creation of new or additional rights in the public is not the test for determining whether there has been a dedication. This argument is dispositive of the plaintiff's first three points.

■ A common law dedication is proven by showing: (1) that the owner, by unequivocal action, intended to dedicate the land to public use; (2) that the land dedicated was accepted by the public; and (3) that the land dedicated is used by the public. *Whittom v. Alexander–Richardson Partnership*, 851 S.W.2d 504, 507–08 (Mo. banc 1993). The plaintiff argues that the undisputed facts fail to negate any one of these elements, thereby rendering summary judgment improper. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 381.

■ A dedication is the setting apart of lands for public use. *Connell v. Jersey Realty & Inv. Co.*, 352 Mo. 1122, 180 S.W.2d 49, 52 (1944). The intention of the owner to set apart land for public use is the foundation of every dedication. *Whittom*, 851 S.W.2d at 508. "The acts establishing a dedication must be unequivocal, indicating expressly or by plain implication, *a purpose to create a right in the public to use the land.*" *Id.* (emphasis added). Thus, the issue here is whether the execution of the Ford deed unequivocally indicated a purpose to create a right in the public to use the land.

The plaintiff first contends that the language of the deed evidences Ford's intent to dedicate the property. The plaintiff specifically points to the document's title, "Deed of Dedication" and the use of the words "dedicate" and "dedication" in the document.

However, the character of a document is not determined by the title placed upon it, particularly since the deed also contained the language "grant," "bargain and sell," and "convey and confirm." Further, even though the deed used the language "dedicate" and "dedication," there was no language purporting to create a right in the public to use the land.

It is undisputed that the federal decree ordered the property to be maintained "as an unimproved natural 'green belt' area along the river...." Additionally, an area, located between the riverfront and a line 175 feet west of the centerline of the levee, was to be made available to members of the public "for purposes of hiking, bird watching, nature observation, family picnics and fishing." Finally, the decree provided that neither hunting nor the discharge of firearms or weapons would be permitted on the property.

The Ford deed did nothing more than reiterate the rights created by the federal decree. Specifically, the deed states that the Conservation Commission "covenants that it will not improve or develop such land, that it will remain in an unimproved natural state and that neither hunting nor the discharge of firearms or weapons of any kind [will] be permitted on the specified area." These public rights set forth in the Ford deed are the same public rights that were created in the 1976 federal decree. Because the deed did nothing more than reiterate the rights, which had been created years before, we cannot say that the deed unequivocally demonstrated a purpose to create a right in the public to use the land. *Whittom*, 851 S.W.2d at 508.

The plaintiff next argues that, even if the determining factor is whether new or additional rights in the public were created, the Ford deed did create, for the first time, the public right to perpetual maintenance and care of the property by the state conservation agency in accordance with Article IV, § 40(a) of the Missouri Constitution.

Article IV, § 40(a) vests the Commission with "control, management, restoration, conservation, and regulation of the bird, fish, game, forestry and all wildlife resources of the state." However, it is the Missouri Constitution, not the Ford deed, which charges the Commission with this responsibility.

The deed did not create any right to "perpetual maintenance."

As we noted above, dedication involves the creation of a right in the public to use the land. *See Whittom,* 851 S.W.2d at 508. The responsibilities vested in the Commission under Article IV, § 40(a) do not create such a right in the public to use the land. Further, it is the deed, which must unequivocally demonstrate a purpose to create a right in the public to use the land. *Id.* The deed did not demonstrate any such purpose.

The execution of the deed did not demonstrate a purpose to create, or expand, the public's right to use the property. Rather, it merely reiterated the restrictions set forth in the federal decree and conveyed the property to the Commission. Thus, there was no genuine issue of fact as to whether the deed dedicated the property to the public. The evidence presented negated the first element, which the plaintiff was required to establish, that Ford intended to dedicate the land because the evidence showed that Ford did not have an unequivocal purpose to create a right in the public to use the land. The circuit court properly granted summary judgment in favor of the Commission. The plaintiff's first three points are denied.

In its fourth point, the plaintiff argues that the trial court erred in finding that the Commission may lawfully sell "the dedicated property" on the basis that any rights that the public has in the property will remain intact upon the sale of the property. Specifically, the plaintiff contends that the survival of the public's right to use the property is irrelevant in that the Commission holds the property in trust for the public and has no power to convey it to a private corporation. However, the plaintiff's argument here depends upon whether the land had been dedicated. We previously have found that the deed did not dedicate the property; therefore, plaintiff's fourth point is denied.

In its final point, the plaintiff contends that the circuit court erred in holding that the Commission has no duty to maintain ownership of the property on the ground that when Count I fails, Count II also fails.

Count II requested an order in mandamus directing the Commission "to maintain ownership of the dedicated property, and maintain the property in accordance with the terms of the deed of dedication, at least until those terms should become impossible to fulfill[.]" The Commission's motion for summary judgment was supported by the affidavit of Jerry J. Presley, Director of the Department of Conservation of the State of Missouri, who stated that the Commission is maintaining the property in accordance with all restrictions placed on the property. Because this fact was not contradicted by the plaintiff's response to the summary judgment motion, we accept this fact as true. *ITT Commercial Fin. Corp.,* 854 S.W.2d at 376.

Because it is undisputed that the Commission is maintaining the property in accordance with the terms of the deed and federal decree, we are left only with a request for an order of mandamus directing the Commission to maintain the ownership of the property. This request is but a mirror of Count I, which sought a declaratory judgment that the Commission had no authority to sell the property, and a preliminary and permanent injunction enjoining the Commission from selling the property.

To be entitled to a writ of mandamus, the plaintiff must have a clear, unequivocal, and specific right to have an act performed. *Carmack v. Saunders,* 884 S.W.2d 394, 398 (Mo.App.1994). The respondent must have a corresponding, present, imperative, and unconditional duty to perform the action sought. *Id.* The function of a writ of mandamus is "to enforce, not establish, a claim of right and its purpose is to execute, not adjudicate." *Id.* The plaintiff failed to show that it had a clear, unequivocal right to prevent the Commission from selling the property in Count I. Since Count II is but a mirror of Count I, and Count I failed, Count II must also fail. The circuit court correctly granted summary judgment in favor of the Commission on Count II. Point denied.

The judgment is affirmed.

LOWENSTEIN, P.J., and SPINDEN, J., concur.