STONEBROOK ESTATES, LLC, and GL3, LLC, Plaintiffs–Respondents,

v.

GREENE COUNTY, Missouri, Defendant–Respondent,

and

Lake Ridge Development, LLC, Intervenor–Appellant.

No. SD 28877.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 10, 2008.

Motion for Rehearing or Transfer Denied Dec. 30, 2008.

Application for Transfer Denied Feb. 24, 2009.

Grant Q. Haden, Kregg T. Keltner, Springfield, for Appellant.

James M. Kelly, Republic, for Respondent Stonebrook Estates, LLC, and GL3, LLC.

Theodore L. Johnson, III, Springfield, for Respondent Greene County, Missouri.

NANCY STEFFEN RAHMEYER, Judge.

Lake Ridge Development, LLC ("Appellant") developed a subdivision, Lake Ridge Estates, in Springfield, Missouri, which contained a road outside the city limits of Springfield but within Greene County called River Oaks Lane; that road provided access to National Avenue from Lake Ridge Estates. Stonebrook Estates, LLC and GL3, LLC ("Stonebrook" and "GL3", collectively "Respondents"), are developers of a subdivision seeking access to River Oaks Lane, who brought a declaratory judgment suit against Greene County, Missouri, seeking a judicial declaration of River Oaks Lane as a public roadway. Appellant intervened in the suit. The trial court declared River Oaks Lane to be an open and public roadway. We affirm.

■ Appellant brings four points of claimed error: three points based on a claim of error in ignoring the parol evidence of the original developer that he did not intend to dedicate River Oaks Lane as a public roadway and one point claiming that a valid dedication of a public road did not occur. The basis of each of Appellant's points is the language of the dedica-

tion contained in the original plat filed by Appellant. The dedication stated:

### DEDICATION

Said land has been subdivided as shown on this plat, and all rights-of-way, limits of no access and easements are hereby relinquished as shown for the use of the public. In witness, we as sole owners have hereunto set our seal this 26th day of August 2002.

LAKE RIDGE LAND DEVELOPMENT, LLC

Jim Hutcheson

managing member

The plat also contained the following note:

### NOTES:

. . . .

Until the City annexes the portion of River Oaks Lane between this subdivision and National Avenue, the developer (or property owners association) must maintain it as a private street.

Appellant contends that it is significant that the dedication does not contain the words "dedicated to public use forever"; it further argues that the "as shown" language in the dedication is ambiguous because the notes state that River Oaks Lane must be maintained as a private street. Appellant claims that when "as shown" is read with "maintain," it may be read to mean that River Oaks Lane continues or "carries on" as a private street; in other words, "maintain" is ambiguous because it can mean maintain the road's character as private or to perform maintenance activities. Moreover, Appellant cites to Webster's New Twentieth Century Dictionary (2d ed.1969), and defines "maintain" as "to keep or keep up, to continue in or with, to carry on."

██ We review a declaratory judgment action involving adjudication of the public or private nature of a roadway the same as any other court-tried case. *Bur-*

*ris v. Mercer County,* 252 S.W.3d 199, 201 (Mo.App. W.D.2008). That means we affirm the judgment unless it is against the weight of the evidence, there is insufficient evidence to support it, or it erroneously declares or applies the law. *Id.* Whether a document is ambiguous and the interpretation of the document itself are questions of law subject to *de novo* review. *Royal Banks of Mo. v. Fridkin,* 819 S.W.2d 359, 361 (Mo. banc 1991); *Kelly v. State Farm Mut. Auto. Ins. Co.,* 218 S.W.3d 517, 522 (Mo.App. W.D.2007). In determining whether a document is ambiguous, courts "reject an interpretation that involves unreasonable results when a probable or reasonable construction can be adopted." *Blackburn v. Habitat Development Co.,* 57 S.W.3d 378, 386 (Mo.App. S.D.2001). We are to give plain meaning and intent exhibited in plats by their outlines, as well as their words. *Horrighs v. Elfrank,* 727 S.W.2d 910, 915 (Mo.App. S.D.1987). Parol evidence may be used to show how the parties to the dedication treated the dedication and what they have done under the provisions of it. *Id.*

The language in the plat is clear and unambiguous that Appellant relinquished all rights-of-way and easements for the use of the public. While the dictionary lists several definitions of "maintain," the definitions that can be read to provide a reasonable and probable construction of the plat are (1) "to keep in a state of repair, efficiency, or validity: preserve from failure or decline"; (2) "to persevere in: carry on: keep up: continue"; and (3) "to provide for: bear the expense of: support." Third New International Dictionary 1362 (1986). All three of these definitions can be read to mean performing maintenance activities, especially when read in conjunction with "as shown." Maintenance activities read in conjunction with "as shown" creates a reasonable construction of the

plat as a whole, whereas maintaining the road's character as private cannot be read in conjunction with "as shown" in a way that is reasonable. Thus, "as shown" and "maintain" should be read together as including the disputed road as a dedicated public road that will have maintenance activities performed on it by Appellant until Greene County accepts the dedication or until Springfield accepts the dedication by annexing the road.

The trial court found that the language in the recorded plat was a proper dedication of River Oaks Lane as an open and public roadway and that, although Greene County had not accepted the dedication, a common law dedication occurred. We find no error in that finding. Nevertheless, Appellant argues that there was no common law dedication because the testimony of Jim Hutchinson, a spokesman for the developer, indicates that he did not intend to dedicate the road to the public. Appellant relies upon that testimony as the basis for each of its points.

■■ Common law dedication applies if there has been an unequivocal showing, express or implied, of Appellant's intent to dedicate the road to public use.

> Common law dedication awards the public the use of the land in dispute and is proven by showing: (1) that the owner, by unequivocal action, intended to dedicate the land to public use; (2) that the land dedicated was accepted by the public; and (3) that the land dedicated is used by the public.

*Whittom v. Alexander–Richardson Partnership,* 851 S.W.2d 504, 507–508 (Mo. banc 1993) (*citing Haertlein, et al., v. Rubin,* 195 S.W.2d 480, 483 (Mo.1946); *Connell, et al. v. Jersey Realty & Investment Co.,* 352 Mo. 1122, 180 S.W.2d 49, 52 (1944)). In the light most favorable to the judgment, there was evidence that the road was accepted and used by the public.

Specifically, Jeffrey Avers, the right-of-way manager for the Greene County Highway Department, testified that the results of a recent traffic study conducted on River Oaks Lane between National Avenue and Kansas Avenue showed that "[t]he average weekday traffic volume was approximately 1,007 [cars]." Based on those results and his experience, he would say "the public is obviously making use of that roadway." With the plain language of the plat and the acceptance and use by the public, we find sufficient evidence supports the judgment and the judgment does not erroneously declare or apply the law. The judgment is affirmed.

LYNCH, C.J., and PARRISH, J., concur.