**STATE of Missouri, Appellant,**

v.

**Robert W. CRAIN, Respondent.**

**No. SD 29462.**

Missouri Court of Appeals,
Southern District,
Division One.

June 16, 2009.

Brian Keedy, Pros. Atty., Aaron Koeppen, Asst. Pros. Atty., Camdenton, for Appellant.

Fawzy T. Simon, Asst. Public Defender, for Respondent.

Before SCOTT, P.J., BARNEY and BATES, JJ.

PER CURIAM.

Robert Crain ("Defendant") was arrested for driving while intoxicated and, based

on two prior DWIs, was charged as a Class D felony persistent offender per § 577.023.[1] He later moved to quash the felony warrant. One of his prior DWIs involved only a fine, which he claimed could not support persistent offender status due to § 577.023 amendments since his arrest. Persuaded, the trial court quashed the felony warrant, and the State sought this § 547.200 interlocutory appeal.

Defendant's appeal brief faithfully reasserted his winning argument below. For reasonable strategic reasons we need not detail, Defendant abandoned that theory at oral argument, effectively conceding it had been an improper basis for relief, and asserted a new reason to affirm. Even more surprisingly, the State was ready and willing to debate Defendant's new theory,[2] leaving only this court flat-footed. The dialogue and genial repartee thereafter were unique, interesting, and wholly inadequate for resolving this new claim.

 One generally cannot change theories on appeal, especially after the briefs have been filed. Defendant has disavowed his claim that prompted this interlocutory appeal, and the parties argue pro and con a theory they did not brief. Our appellate rules require briefs, but not oral argument, because argument supports briefing and not vice versa. Adequate briefing is essential even in cases, like this one, involving solely legal issues.

The invitation for us to consider Defendant's new theory for affirmance would mean more briefs, perhaps more oral argument, and more delay while other issues languish in a trial court that has not considered Defendant's present claim, but can do so quicker, and where the case will

proceed no matter how this interlocutory appeal ends. To minimize such undesirable and unnecessary delay, and without prejudice to relief on grounds other than Defendant's November 4, 2008, motion, we reverse the judgment of quashal and remand for further proceedings. *See Top Craft, Inc. v. International Collection Services*, 258 S.W.3d 488, 490, 491 (Mo.App.2008)(involving interlocutory appeal of class-action certification).

---

1. Statutory references are to RSMo, as amended through 2006. Although Defendant argued otherwise below, the parties now agree that 2008 amendments to § 577.023 do not govern this appeal; *see also* § 1.160.

2. Indeed, in his opening argument, the State's attorney repeatedly and accurately predicted the new and changed arguments later made by Defendant's attorney when he took the podium.