**Leroy F. MAUNE, et al., Appellants,**

v.

**Harry Lee BESTE, et al., Respondents.**

**No. ED 96177.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 25, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 2011.

Application for Transfer
Denied Jan. 31, 2012.

Frank K. Carlson, Union, MO, for appellant.

Jonathan L. Downard, Union, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Leroy F. Maune and Margie A. Maune, individually, and Leroy Maune as trustee of the Leroy F. Maune revocable living trust and Margie Maune as trustee of the Margie A. Maune revocable living trust (collectively "plaintiffs") appeal the judgment of the trial court granting a prescriptive easement in favor of Dale Beste, Harry Lee Beste, Mark Beste, Carol Williams, and Connie Terschluse (collectively "defendants"). Plaintiffs contend that the trial court erred in granting the prescriptive easement in favor of the defendants because the location and use of the easement granted were not supported by the evidence. Plaintiffs also argue that the trial court erred in finding that a prescriptive easement has existed over their property since 1946 because the dominant ("Beste Property") and servient ("Krakow Store Property") properties were owned by the same person for a period of time during which the easement purportedly existed. Finding no error, we affirm.

Viewed in the light most favorable to the judgment, the facts are as follows. The Beste Property was landlocked until 1989. In 1936, the Beste Property was owned by the Doss family, who had a garage that still exists on the Beste Property. The Dosses "drove right straight in there to the garage" over the Krakow Store Property. The Pryor family bought the Beste Property from the Dosses in 1938. At that time, the roadway used to get to the garage on the Beste Property was almost as wide as the lot, though it narrowed between the garage and store on the Krakow Store Property. The width of the roadway used as an easement narrowed over time as the store expanded, but it always remained open. Carolyn Pryor learned to drive on a circular driveway that ran in front of the garage on the Beste Property. In 1946, Harry and Elizabeth Beste acquired the Beste Property, and held it until 1989 when it was conveyed to the defendants. The garage that existed on the Beste Property when it was owned by the Dosses still exists today and is used by defendants. The roadway across the Krakow Store Property from what is now Highway A to the garage on the Beste Property was used continuously from 1936 until the time of the trial.

Regarding the Krakow Store Property, Joseph and Margaret Nieder purchased the parcel from the Archbishop of St. Louis in 1922. In 1964, the Krakow Store Property was conveyed to Margaret Nieder, Mabel Beste, and Elizabeth Beste. In 1981, it was conveyed to the Krakow Store, Inc., and subsequently in 1988, conveyed to Bernard Beste, Mabel Beste, and Rudolph Nieder. Mabel Beste and Jeff Nieder conveyed the Krakow Store Property to the plaintiffs in 1995. At no point in time did the owners of the Beste Property ever request permission to cross over the Krakow Store Property.

In reviewing the trial court's judgment, this Court will sustain the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

In their first point relied on, plaintiffs contend that the trial court erred by finding that the defendants have a prescriptive easement over plaintiffs' property for ingress and egress that has existed since at least July 31, 1946 and by denying their petition for injunctive relief. Plaintiffs assert that the location and use of the easement granted are not supported by the evidence and are against the weight of the evidence in that the evidence presented at trial did not provide the requisite specific, defined path to prove the existence of an easement. Plaintiffs further argue that even if a prescriptive easement came into existence in 1946, it was limited to foot traffic only, not all ingress and egress. They also claim that even if a prescriptive easement came into existence, it was extinguished by adverse possession. Plaintiffs additionally allege that even if a prescriptive easement came into existence in 1946, it was not where the trial court found it to be.

To establish a prescriptive easement, the use of the property must be open, visible, continuous, uninterrupted, and adverse for a period of ten years. *Whittom v. Alexander–Richardson Partnership*, 851 S.W.2d 504, 508 (Mo. banc 1993). The use does not need to be under a belief or claim of right that is legally justified to be adverse. *Id.* Rather, all that is required to show that the use is adverse is non-recognition of the owner's authority to prohibit or to permit the continued use of the land. *Id.* It is not necessary for use to be constant for it to be continuous. *Id.* It is necessary, however, that "there be no break in the essential attitude of the mind required for adverse use." *Id.* Whether or not the use of the land establishes a prescriptive easement is a question of fact to be inferred from circumstances, nature, and character of the use. *Id.*

Regarding prescriptive easements, for the use to be adverse, it is not necessary that the user intend to violate the owner's rights, but rather it is required only for the use to proceed without recognition of the owner's authority to prohibit or permit the use. *Id.* The adverse use need not be exclusive. *Id.* To establish a prescriptive easement, it is not required to show an express claim of right in words or to show that the adverse party expressly admitted knowledge of the claim. *Id.* It is enough that the person who has purportedly established the easement acted in a manner such as to show clearly that he or she claims a nonexclusive right to use the property. *Id.* at 508–09. Satisfaction of the requirement of adversity is commonly inferred when dealing with prescriptive easements, rather than proved directly. *Id.* at 509. "Proof that a particular use of another's land has in fact occurred normally justifies a finding that the use has been adverse." *Id.* There is a presumption in favor of the party asserting a prescriptive easement that the use of the property in dispute is adverse and under a claim of right where there has been a long and continuous use of that property. *Custom Muffler and Shocks, Inc. v. Gordon Partnership*, 3 S.W.3d 811, 816 (Mo.App. 1999). The presumption places the burden on the landowner to demonstrate that the use was permissive and not adverse. *Id.*

In the present case, the records indicate that the Beste Property was landlocked until 1989. Perforce the holders of the Beste Property would have needed an easement of some sort to have access from

the Beste Property to the roadway. There was no evidence that the Beste Property enjoyed an easement of record, and while the holders of the Beste Property presumably would have been able to obtain an easement by necessity, there is nothing in the record that shows such an easement ever existed.

Regarding an easement by prescription, Carolyn Pryor testified that her parents bought the Beste Property in 1938 or 1939, and that prior to that, it had been owned by her godparents, who "drove right straight in there to the garage" from what is now Highway A. She stated that the route of ingress and egress across the Krakow Store Property had always been the same, and that it had continuously been used as a roadway to get to the Beste Property since she was a child, and that no one had ever asked for permission. She described the easement, stating that at one point it had been "[a]s wide as the lot, almost," though narrowed a bit by construction done by Mabel Beste.

Harry Beste testified that he and some of his siblings still used the easement regularly each week in both summer and winter, and that no one had ever asked for permission to use it. Regarding the physical scope of the easement, Beste stated that it was twenty feet, possibly as much as twenty-five feet, and that it is currently the narrowest that the easement has ever been. He also described the location of the easement.

Mark Beste testified that he was born and raised on the Beste Property, continues to work the property, and still uses the easement. He said that he never discussed the subject of needing permission to use the roadway, and that "it was always there." Mark Beste stated that even with the changes made to the Krakow Store property by the plaintiffs, the roadway always remained open.

■ There was competent, substantial evidence for the trial court to find that a prescriptive easement existed for ingress and egress by both pedestrian and vehicular traffic. There is evidence that the prescriptive easement may have been as wide as forty feet in spots, but that it has been narrowed by adverse possession due to expansion of the improvements to the Krakow Store Property by its various owners. However, there is substantial, competent evidence that the prescriptive easement continued to be used, and was at most partially extinguished by adverse possession. Plaintiffs contend that the evidence presented at trial did not provide the requisite specific, defined path to prove the existence of an easement, and that if there was such an easement, it was not where the trial court found it to be. We disagree. While it is true that precise legal descriptions in matters involving easements is desirable, "less detail and precision is required in a rural than urban setting." *Johnston v. Bates,* 778 S.W.2d 357, 365 (Mo.App.1989).

This Court dismissed the first appeal in this matter because it was not a final judgment in that the judgment did not contain any legal description of plaintiffs' property and did not provide any description as to the location of the prescriptive easement granted in favor of defendants in *Maune v. Beste,* 292 S.W.3d 528 (Mo.App. 2009). On remand, the trial court held a further hearing on the location of the prescriptive easement. Defendants submitted a drawing of the easement produced by a surveyor, along with a legal description of the easement produced by the surveyor, which counsel asserted was consistent with their testimony at the original trial. Leroy Maune testified about the Krakow Store Property, and improvements that had been made to it over the years. The trial court's amended judgment included

230

the drawing of the easement and the legal description of the easement, along with a legal description of the Krakow Store Property. While the testimony presented at the original trial was lacking in precise legal description, it was sufficient for a surveyor to plat out a drawing of the easement and to provide a metes and bounds legal description thereof. There was competent, substantial evidence to support the trial court's judgment granting the prescriptive easement and its location. Point denied.

█ In their second point relied on, plaintiffs argue that the trial court erred by finding a prescriptive easement over the Krakow Store Property has existed since 1946 because the easement was extinguished by merger of the dominant and servient estates in that Elizabeth Beste was the owner of both the Krakow Store Property and the Beste Property from 1964 to 1981.

█ Plaintiffs are correct when they assert that under Missouri law, an easement is in general extinguished when the dominant and servient estates are owned and possessed by the same owner, citing *Marshall v. Callahan,* 241 Mo.App. 336, 229 S.W.2d 730, 735 (1950), and *Hall v. Morton,* 125 Mo.App. 315, 102 S.W. 570, 572 (1907). The flaw in plaintiffs' argument is that the dominant and servient estates were never held by the same owner. In the present case, Elizabeth Beste had a co-ownership interest in the Beste Property, which is the dominant tenement, with her husband, Harry Beste, which was acquired in 1946, and held that interest until 1989 when Elizabeth and Harry conveyed it to their children, the defendants. In 1964, Elizabeth Beste acquired a co-ownership interest in the Krakow Store Property, the servient tenement, along with Mabel Beste and Margaret Nieder. The ownership of the Krakow Store Prop-

erty was conveyed to Krakow Store, Inc. in 1981, and subsequently conveyed first to Mabel Beste, Bernard Beste, and Rudolph Nieder in 1988, and later to Leroy and Margie Maune in 1995. So while there was a partial overlap of ownership between the Beste Property and the Krakow Store Property for a period of time, there was never complete unity of title where the two ownership interests were coextensive. Absent complete unity of title with ownership interests in the dominant and servient estates that are coextensive, there is no merger and the easement is not extinguished. *See* Restatement (Third) of Property, *Servitudes* section 7.5 comment d (2000); 28A C.J.S. *Easements* section 143 (2011). *See also, Brush Creek Airport, L.L.C. v. Avion Park L.L.C.,* 57 P.3d 738, 747–48 (Colo.Ct.App.2002) ("However, an easement will not terminate by merger if others own outstanding interests in the dominant or servient estates."); *Busalacchi v. McCabe,* 71 Mass.App.Ct. 493, 883 N.E.2d 966, 970–71 (2008) ("[T]his unity of title only occurs when two ownership interests are coextensive."); *Will v. Gates,* 89 N.Y.2d 778, 658 N.Y.S.2d 900, 680 N.E.2d 1197, 1200 (1997) ("Where, however, only a portion of the dominant or servient estate is acquired, there is no complete unity of title and there remain other dominant owners whose rights are inviolate."). The easement rights of the other owners of the dominant estate cannot be extinguished by a conveyance to which they are not a party. *See Will,* 89 N.Y.2d at 784, 658 N.Y.S.2d at 902–03, 680 N.E.2d at 1199–200. Elizabeth Beste's co-ownership interests in the dominant and servient estates could not terminate or impair the rights of any other co-owners of the dominant estate, who in this case happened to be Harry Beste, her husband. Absent evidence that there was ever complete unity of title between the dominant and servient

estates, that is, between the Beste Property and the Krakow Store Property, the prescriptive easement was not terminated by Elizabeth Beste's partial ownership of both properties. Point denied.

The judgment of the trial court is affirmed.

ROY L. RICHTER, J., and GARY M. GAERTNER, JR., J. concur.