James M. Dowd, Chief Judge
Franklin Farms, LLC appeals the trial court's judgment that found voidable by operation of the Statute of Frauds a 2008 lease of farmland between Franklin Farms and Respondents North American Auction Company, a Missouri corporation, and Witness in the Wilderness, a Missouri non-profit corporation, both of which entities were owned by Curtis Rodgers.
This dispute began in October 2013 when Respondents ordered Franklin Farms off the leased land because Respondents wanted to sell a portion of it to a third party. Litigation began in January 2014, in which each side brought breach of contract claims and each raised the Statute of Frauds as an affirmative defense.[1] In its judgment, the trial court found the Statute of Frauds to be applicable and therefore the lease to be voidable because it failed to provide an accurate legal description of the leased land or to otherwise adequately describe or identify the real estate. In addition, the court held that the application of the Statute of Frauds converted the lease to a year-to-year contract which Respondents' October 2013 notice effectively terminated. The trial court also denied Respondents' counterclaim as being unsupported by sufficient evidence.
On appeal, Franklin Farms does not dispute the trial court's finding that the lease failed to satisfy the Statute of Frauds.[2] Rather, Franklin Farms contends *500 that (1) Respondents waived the Statute of Frauds defense by proceeding to trial on Respondents' counterclaim for breach of contract, and that (2) the Statute of Frauds is inapplicable because the parties partially performed under the contract. We disagree and affirm.
Factual and Procedural Background
Sometime in 2008, John Luecke on behalf of Franklin Farms, and Curtis Rodgers on behalf of Respondents, met to discuss Franklin Farms' proposal to lease land from Respondents, who owned more than 6,000 acres in the Missouri counties of Randolph and Macon. Ultimately, the parties signed a three-year agreement, covering 2009, 2010, and 2011, which gave Franklin Farms the right to farm approximately 293 acres of Respondents' land.
The writing contained no designation whatsoever of the particular real estate involved nor did it even specify the county or counties where the property was located. Nevertheless, Franklin Farms agreed to pay on an annual basis $50 per acre, with payments to be made in two installments: the first in the amount of $5,000 on or before May 1st of each year, with the balance to be paid on or before October 15th of each year. The agreement allowed for a three-year extension through 2014 if Franklin Farms requested the extension by January 1, 2010. In December 2009, Franklin Farms made the request to extend the lease for another three years, and also requested that the amount of land leased be reduced to 214 acres. Respondents agreed to both requests.
Thus, when this dispute erupted, Franklin Farms had farmed portions of Respondents' land and had paid all rents due pursuant to the agreement for five years: the three years of the original agreement (2009, 2010, and 2011) and the first two years (2012 and 2013) of the three-year extension. Respondent's October 2013 termination notice came after the 2013 harvest was complete but before the 2014 lease year.
On January 31, 2014, Franklin Farms filed its petition against Respondents and Rodgers, and Respondents subsequently filed their counterclaim. The case was tried to the court and on October 11, 2017, the court entered judgment against Franklin Farms, finding that (1) the contract Franklin Farms alleged in its petition was insufficient to satisfy the Statute of Frauds because it did not provide a legal description or any means to identify the land being leased[3] ; (2) by operation of *501 law the lease was a year-to-year tenancy because it did not satisfy the Statute of Frauds[4] ; and (3) Respondents provided sufficient notice in October 2013 to terminate the year-to-year lease before 2014[5] . The court also denied Respondent's counterclaim.
Further facts, as relevant, are provided below.
Standard of Review
In a bench-tried case, we will affirm the judgment of the trial court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. Johnson v. Cook, 167 S.W.3d 258, 262 (Mo. App. E.D. 2005) (citing Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976) ). Essentially, we accept the evidence and inferences favorable to the prevailing party and disregard all contrary evidence, but we review de novo the trial court's legal determinations, Id. (citing Mullenix-St. Charles Props., L.P. v. City of St. Charles , 983 S.W.2d 550, 555 (Mo. App. E.D. 1998) ) ("We independently evaluate the trial court's conclusions of law."). We also have discretion to decline review of unpreserved claims. See Rule 78.07(b)[6] (providing that to preserve any matter for appellate review in cases tried without a jury, the matter must previously have been presented to the trial court), and Rule 84.13 ("Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court , though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.") (emphasis added).
Discussion
1. Did Respondents waive the Statute of Frauds defense?
We first note that Franklin Farms failed to preserve its argument that Respondents waived the Statute of Frauds defense by submitting a counterclaim for breach of contract. Nevertheless, we consider ex gratia Franklin Farms' assertion of waiver.
While Franklin Farms is correct that the Statute of Frauds is an affirmative defense that can be waived, Lundstrom v. Flavan , 965 S.W.2d 861, 864 (Mo. App. E.D. 1998) (citing Norden v. Friedman , 756 S.W.2d 158,162 (Mo. banc 1988) ), we disagree with its assertion that by submitting their counterclaim, Respondents waived the defense.
As best we can discern, Franklin Farms seems to be making two separate but somewhat related assertions: First, that Respondents' counterclaim constitutes an admission to the terms of the lease described in Franklin Farms' petition and that such an admission brings the lease within an exception to the Statute of Frauds; and second that under the election of remedies doctrine, Respondents' submission *502 to the court of both their breach of contract counterclaim and their Statute of Frauds defense to Franklin Farms' breach of contract claim somehow resulted in the waiver of the Statute of Frauds defense.
We reject Franklin Farms' first argument because as a factual matter, Respondents did not admit to the lease described in Franklin Farms' petition. Our review of the petition and counterclaim, and specifically the competing characterizations of the lease agreement found in those pleadings, demonstrates that the parties disagreed fundamentally as to what the agreement consisted of. In their answer, Respondents specifically denied the existence of the agreement described by Franklin Farms in the petition, and Respondents' counterclaim described a materially different agreement in multiple respects. Respondents asserted that this was "a farm lease agreement wherein [Franklin Farms] agreed to farm certain land in Randolph County, Missouri"; that Franklin Farms agreed to do so in an environmentally sensitive manner because the land was "agricultural land which [Rodgers] owns and operates as Trophy Country ... one of the premier hunting destinations in the Midwest"; that Franklin Farms was to be paid $50 per acre based on "actual planter measurements" provided on or before the 1st of each year; and that Franklin Farms agreed to provide Respondents with "actual planter values." None of these terms appeared in Franklin Farms' description of the lease.
Thus, Respondents did not admit to the terms of the lease as Franklin Farms described it nor did Respondents admit that the lease satisfied the Statute of Frauds.
As for Franklin Farms' election of remedies argument, Rule 55.10 allows a party to plead alternative or inconsistent theories of recovery. The election of remedies doctrine requires a party to elect between theories of recovery that are inconsistent before submitting the case to the trier of fact. In re Estate of Daly , 907 S.W.2d 200, 203 (Mo. App. W.D. 1995) (citing Whittom v. Alexander-Richardson P'ship , 851 S.W.2d 504, 506-07 (Mo. banc 1993) ). If two counts are so inconsistent that the proof of one necessarily negates, repudiates, and disproves the other, it is error to submit the inconsistent theories. Id. (citing Whittom, 851 S.W.2d at 507 ).
The principle is well established, however, that this doctrine does not apply where, as in Daly , Whittom , and other cases, "the two theories sought to be submitted in the case ... [are] not truly inconsistent." See id. at 204. We find that to be the case here. It was proper under Rule 55.10 for Respondents to submit the Statute of Frauds defense to Franklin Farms' breach of contract while at the same time submitting its own breach of contract claim. We do not find these to be inconsistent theories that would require Respondents to abandon one or the other under the election of remedies doctrine. Point denied.
2. Does the partial performance exception to the Statute of Frauds apply here?
Franklin Farms next argues that the Statute of Frauds does not apply because the parties partially performed under the contract. We disagree. The party seeking to avoid the Statute of Frauds under the partial performance exception must demonstrate that it has performed acts in reliance on the contract, and that the positions of the parties have been so materially changed that it would be grossly unjust to allow the other party to rely on the Statute of Frauds. Johnson , 167 S.W.3d at 264 (citing Mika v. Cent. Bank of Kansas City , 112 S.W.3d 82, 89 (Mo. App. W.D. 2003) ). The injustice must *503 amount to a "virtual fraud." Jones v. Linder , 247 S.W.2d 817, 819 (Mo. banc 1952). This exception is rigidly scrutinized and sparingly invoked. Johnson , 167 S.W.3d at 264 (citing Mika , 112 S.W.3d at 89 ).
Here, we find the exception does not apply because Franklin Farms failed to make a showing of gross injustice-i.e., Franklin Farms failed to demonstrate that the application of the Statute of Frauds would work a virtual fraud in this case.
In determining whether partial performance would result in a virtual fraud in the context of an oral agreement to convey real estate, the Missouri Supreme Court stated in Jones ,
We think, however, the view most consonant with the purpose to be accomplished is that anticipatory, preparatory, collateral, and ancillary acts are generally not sufficient part performance to call for an exception to the provisions of the statute of frauds; ... but that some acts done in reliance upon a sufficiently established verbal agreement to convey, and done with the knowledge of the other party to the agreement ... may be so disastrous in their consequences to the one performing as to imperatively call for specific performance of an oral agreement.
247 S.W.2d at 825 (emphasis added).
In light of these principles, we find that Franklin Farms failed to demonstrate that a virtual fraud took place because Franklin Farms presented no evidence that (1) it had done anything beyond taking anticipatory, preparatory, collateral, and ancillary actions with regard to its plans to farm the land in 2014, or that (2) Respondents terminated the lease with any knowledge that Franklin Farms had made any expenses in reliance on being able to farm part of Respondents' land in 2014, in particular.
The only evidence Franklin Farms points to is John Luecke's testimony that before the harvest in 2013, Franklin Farms made expenditures "to ready the land for 2014." Franklin Farms adduced no evidence that Respondents were aware that these expenditures were made in reliance on being able to farm the land in 2014. Moreover, Franklin Farms provided no clear, legitimate, or specific figures to support its assertion that it made expenditures to prepare for 2014, and not just to prepare for the 2013 harvest. Although Luecke testified that Franklin Farms spent $22,887.59 to put onto part of the leased land enough fertilizer for both 2013 and 2014, Franklin Farms never specified how much of that expense was for 2014. And although Luecke testified that before the harvest in 2013 Franklin Farms spent $8,906.36 in spraying and burn-down costs "to ready the land for 2014," Franklin Farms never explained why any, or specifically how much, of that expense should be attributed to 2014.
Therefore, considering the high burden described in Jones , we cannot convict the trial court of error for failing to find on this record that Respondents virtually defrauded Franklin Farms.
Point denied.
Conclusion
For the reasons stated above, we affirm the judgment of the trial court.
Lawrence E. Mooney, J., Colleen Dolan, J., concur.

Technically, Curtis Rodgers, who was a named defendant below, filed the counterclaim to Franklin Farms' petition in his individual capacity-Respondents were not listed as counterclaim plaintiffs. And now on appeal, Rodgers has not been named as a respondent in his individual capacity. But both Franklin Farms and Respondents have treated Rodgers' filings-including his counterclaim-as Respondents'. Consequently, for purposes of our review and for ease of understanding, we treat Rodgers' counterclaim as Respondents'.

While we recognize that at oral argument Franklin Farms sought to dispute this finding, we do not consider this contention because Franklin Farms failed to raise it in its briefs. "[A]llegations of error not briefed or not properly briefed shall not be considered in any civil appeal." Missouri Supreme Court Rule 84.13(a) (2016). Indeed, our appellate rules require briefs, but not oral argument, because oral argument supports briefing and not vice versa. State v. Crain , 288 S.W.3d 804, 805 (Mo. App. S.D. 2009) ; see also Johnson v. Fogertey Bldg. Co. , 194 S.W.2d 924, 930 (Mo. App. 1946) ("We think it would establish a bad precedent under our new rules if we were to give consideration to ... a point mentioned for the first time on oral argument."); Wollman v. Fidelity & Casualty Co. of New York , 87 Mo.App. 677, 684 (Mo. App. 1901) (noting that under past rules akin to Rule 84.13(a), appellate judges had "the right to presume that no reference was made in oral argument to any error or authority that was not referred to in the brief").

Section 432.010, RSMo 2016 sets forth Missouri's Statute of Frauds: "No action shall be brought ... upon any contract made for the sale of lands, tenements, hereditaments, or an interest in or concerning them, or any lease thereof, for a longer time than one year, ... unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing...."
To satisfy the Statute of Frauds, a writing must contain the essential terms of a contract. Doss & Harper Stone v. Hoover Bros. Farms , 191 S.W.3d 59, 62 (Mo. App. S.D. 2006). It is well-settled law that the writing must describe the land being sold or leased. Id. The writing must be a guide to find the land and must contain sufficient particulars to point out and distinguish the tract from any other. Id. (quoting Fox v. Courtney , 111 Mo. 147, 20 S.W. 20, 21 (1892) ). Accordingly, a court will not enforce a contract for the sale or long term lease of real estate unless the contract or a written memorandum thereof either definitely describes the land or clearly provides, within itself, the "means" or "key" by which the land can be identified with reasonable certainty, Id. at 62-63.

The law is well-settled that where a tenant enters into the possession of agricultural lands under an oral lease or contract, or one that is otherwise void or defective, and pays rent to his landlord, it creates a tenancy at will and if the tenant remains in possession, by operation of law it becomes a tenancy from year to year. Jansen v. Pobst , 922 S.W.2d 43, 48 (Mo. App. S.D. 1996).

The year-to-year tenancy created by a voidable land lease can be terminated on the part of the landlord only by giving the tenant a written notice to vacate at least 60 days before the end of the year. Jansen , 922 S.W.2d at 48 ; see also § 441.050, RSMo 2016 ("Either party may terminate a tenancy from year to year by giving notice, in writing, of his intention to terminate the same, not less than sixty days next before the end of the year.").

All rules citations are to the Missouri Supreme Court Rules (2016).